IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL ENGINEERING,<br><br>        Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, *et al.*,<br><br>        Defendants.                   / | No. C 08-04022 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND** |

Defendants' motions to dismiss are scheduled for a hearing on February 27, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing and the case management conference scheduled for the same day. As set forth below, the Court GRANTS defendants' motions to dismiss with leave to amend. <u>Plaintiff shall file an amended complaint by **March 9, 2009**</u>.

**BACKGROUND**

Plaintiff Mitchell Engineering ("Mitchell"), a California corporation licensed as a contractor, filed its first amended complaint against the City and County of San Francisco ("the City") on December 10, 2008. Mitchell also named as defendants Anthony Irons, Michael Quan, and Alan Wong ("individual defendants") in their official capacities as employees of the San Francisco Public Utilities Commission (SFPUC). Plaintiff alleged several violations of federal civil rights under 42 U.S.C. § 1983, including equal protection and due process violations. Plaintiff also alleged the following tort

claims: intentional interference with contractual relations, intentional and negligent interference with prospective economic advantage, and civil conspiracy.

Although Mitchell has performed extensive work for the City and appears to have had a good working relationship with the City in the past, problems arose during some recent work Mitchell did for the City, including a series of fresh water system projects and the seismic retrofit and rehabilitation of the Fourth Street Bridge. Mitchell believed the City was mishandling these projects and expressed that view to reporters for various television stations and newspapers. Mitchell claims the City retaliated against Mitchell for making these comments. Specifically, Mitchell alleges that the City and the individual defendants implemented a policy intended to interfere with Mitchell's work on unrelated projects, with the goal of driving Mitchell out of the City and ultimately out of business. Mitchell claims that because of the retaliatory actions of the City, Mitchell is now on the verge of financial ruin.

The City, Quan, and Wong filed motions to dismiss for lack of jurisdiction and failure to state a claim. Specifically, defendants argue that Mitchell's tort claims against the City fail as a matter of law because California Government Code § 815(a) prohibits bringing such claims against a public entity and that Mitchell's complaint fails to state a procedural due process claim against any defendant. Defendants also contend that Mitchell's due process claim is unripe and move to dismiss it for lack of jurisdiction.[1]

## LEGAL STANDARDS

**1.   Lack of Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. *See* Fed. R. Civ. Pro. 12(b)(1). As the party invoking the jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins.*

---

[1] Defendants originally argued that plaintiff failed to state an equal protection claim, and requested a more definite statement on that cause of action. However, in defendants' reply brief they withdrew their motion to dismiss plaintiff's equal protection claim. *See* Docket No. 26.

2

*Co. of America*, 511 U.S. 375, 377 (1994) (citation omitted).  A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Pub'g Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff.  *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

In deciding a Rule 12(b)(1) motion which mounts a factual attack on jurisdiction, "no presumption of truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

**2.    Failure to State a Claim**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).  While courts do not require "heightened fact pleading of specifics," a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

3

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

### 1. State Law Claims

Plaintiff's second, third, fourth, and fifth causes of action allege intentional interference with contractual relations, intentional and negligent interference with prospective economic advantage, and conspiracy against all defendants. The City argues that Mitchell's tort claims against the City fail as a matter of law because Cal. Gov. Code § 815(a) prohibits bringing such claims against a public entity. Plaintiff responds that the City is liable for the torts of its employees under Cal. Gov. Code § 815.2. The City argues that plaintiff has not properly pleaded a theory of vicarious liability in its complaint.

In general, a public entity in California "is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." *See* Cal. Gov. Code § 815(a). However, a public entity "is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would . . . have given rise to a cause of action against that employee or his personal representative." *See* Cal. Gov. Code § 815.2.

Plaintiff's opposition clarifies that it seeks to hold the City liable on a theory of respondeat superior, not direct liability. However, plaintiff has not adequately pled vicarious liability in its complaint. In California, "all government tort liability is dependent on the existence of an authorizing statute or 'enactment'. . . and to state a cause of action every fact essential to the existence of statutory liability must be pleaded with particularity, including the existence of a statutory duty." *Searcy v. Hemet Unified School Dist.*, 177 Cal. App. 3d 792, 802 (Cal. Ct. App. 1986) (internal citations omitted). Here, plaintiff must specifically allege that the individual defendants were acting in the course and scope of their employment and that the City is vicariously liable pursuant to § 815.2. Defendants' motion to

4

dismiss plaintiff's tort law claims against the City is GRANTED, with leave to amend.

### 2.  Procedural Due Process

Plaintiff's first cause of action asserts § 1983 claims based on alleged violations of plaintiff's First Amendment free speech rights, plaintiff's Fifth/Fourteenth Amendment due process rights and plaintiff's Fourteenth Amendment equal protection rights. Defendants originally moved to dismiss both the due process and equal protection claims,[2] but withdrew their objection to the equal protection claim in the reply. Hence, the dismissal motion now challenges only plaintiff's due process claims.

Plaintiff alleges that defendants violated plaintiff's due process rights by implementing policies designed to drive plaintiff out of business and by failing to provide notice and a hearing before constructively debarring plaintiff from performing future work for the City. Defendants argue that this claim is unripe and should therefore be dismissed because plaintiff has never been denied a contract for which it was the lowest bidder and thus has not sustained a concrete injury as a result of the alleged due process violation. Plaintiff responds that constructive debarment may be shown by agency statements or conduct indicating that it will not award the contractor any future contracts, and thus that it has adequately alleged that it was constructively debarred.

Debarment from eligibility to bid on public contracts implicates a liberty interest protected by the Due Process Clause. *Golden Day Schools, Inc. v. State Dep't of Education*, 83 Cal. App. 4th 695, 706-08 (Cal. Ct. App. 2000). A plaintiff trying to establish a de facto debarment claim faces a high standard. To succeed, the plaintiff must demonstrate a "systematic effort by the procuring agency to reject all of the bidder's contract bids." *Stapp Towing, Inc. v. United States*, 34 Fed. Cl. 300, 312 (1995). "Two options exist to establish a de facto debarment claim: 1) by an agency's statement that it will not award the contractor future contracts; or 2) by an agency's conduct demonstrating that it will not award the contractor future contracts." *TLT Constr. Corp. v. United States*, 50 Fed. Cl. 212, 215-16 (2001) (*citing CRC Marine Serv., Inc. v. United States*, 41 Fed. Cl. 66, 84 (1998)). Here, plaintiff has not pled a "systematic effort" to reject all of its bids. Indeed, plaintiff does not allege that the City has

---

[2] Defendants did not challenge the First Amendment claims.

rejected *any* of its bids. Plaintiff cites no authority establishing that a contractor can be constructively debarred when none of its bids has been rejected.

It would therefore appear that plaintiff cannot state a claim for constructive debarment on the facts alleged in its complaint. The Court notes, however, that plaintiff also alleges that the City engaged in a concerted policy to drive plaintiff out of the City and out of business. Plaintiff alleges that because of the City's policy, plaintiff suffered serious consequences, including damage to its contractual relationship with its surety, damage to its relationships with financial institutions, and damage to various contractual relationships with subcontractors and vendors. In sum, plaintiff alleges that the City's policy has placed plaintiff on the verge of financial ruin, all without notice or an opportunity for hearing.[3]

These allegations do not amount to constructive debarment, since none or plaintiff's bids has been rejected, but plaintiff may be asserting a broader due process claim. To state a claim for denial of procedural due process, plaintiff would have to allege a protectible liberty or property interest and a denial of adequate procedural protections. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005). On the face of the pleadings it is not clear whether plaintiff can allege such a claim, but leave to amend will be granted to clarify the matter.

Defendants' motion to dismiss plaintiff's due process claim is GRANTED with leave to amend.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motions to dismiss without prejudice. **Plaintiff shall file an amended complaint by March 9, 2009.**

**IT IS SO ORDERED.**

Dated: February 23, 2009

SUSAN ILLSTON
United States District Judge

---

[3] Defendants' ripeness argument is without merit because plaintiff has alleged substantial injury as a result of defendants' actions.