LAW OFFICES
# McINERNEY & DILLON
PROFESSIONAL CORPORATION
1999 HARRISON STREET · SUITE 1700
OAKLAND, CALIFORNIA 94612-4700
TELEPHONE (510) 465-7100
FAX (510) 465-8556

Alexander Bannon

ab@mcinerney-dillon.com

March 16, 2009

The Honorable Susan Illston
United Stated District Court
Courtroom 10
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102-5408

      Re:    *Mitchell Engineering v. City and County of San Francisco, et al*
             No. CV 08 4022-SI (N.D. Cal.)

Your Honor:

Plaintiff Mitchell Engineering asks your assistance in a discovery dispute.

**Question:**

      Is discovery stayed until the Initial Case Management Conference?    PER JUDGE ILLSTON, THE ANSWER IS YES.

**Facts.**

      The parties filed a joint case management conference statement on February 20, 2009. The parties did not agree on a discovery plan. (Exhibit A, relevant portions of the joint case management conference statement). The initial case management conference of February 27, 2009 was re-set for May 8, 2009.

      On March 5, 2009, the City served its first request for production of documents. (Exhibit B). If discovery is stayed, these requests are premature. If discovery is not stayed, Mitchell Engineering's responses are due on April 7, 2009.

**Efforts to Resolve Informally.**

      On receipt of the City's Request for Documents, the undersigned informed Deputy City Attorney Kathleen Morris that discovery was stayed until the initial case management conference, provided legal authority, and asked her to withdraw this discovery request, without prejudice, until the initial case management conference (Exhibit C).

      Ms. Morris responded on March 8, 2009, stating the City's position that discovery was not stayed and demanded a timely response (Exhibit D). On March 11, 2009, the undersigned wrote a letter repeating this request. (Exhibit E). Ms. Morris did not respond.

      **Discussion.**

      It is Mitchell Engineering's position that discovery is stayed until the initial case management conference is completed so the Court may approve a discovery plan.

The Honorable Susan Illston
March 14, 2009
Page 2

     Rule 26(f) requires parties to meet and agree (if they can) on a discovery plan and submit that plan to the Court. The Court approves a discovery plan at the initial case management conference, and the stay on discovery is lifted. Until then, discovery is stayed. F.R.Civ.P. § 26(d); See Shwartzer, Tashima, Wagstaffe, California Practice Guide, Federal Civil Procedure before Trial (TRG 2008), ¶ 11.7, p. 11-2).

     Here, the parties did not agree on a discovery plan. Mitchell Engineering proposed full discovery with a protective order to preserve the parties' privacy as to certain information (including Mitchell Engineering's financial information, the information the City seeks by way of its document request). The City stated that because its motion to dismiss was pending, a detailed discovery plan was premature, but that generally discovery should be bifurcated, with the parties' discovery initially limited to claims against the individual defendants. The City has since clarified its position and now states it desires only to limit Mitchell Engineering's discovery, not the City's. (Exhibit D).

     The City asserts that discovery commenced in the above referenced action because each side met and conferred pursuant to F.R.Civ.P. Rule 26(f). (Exhibits B, D.)

     Mitchell Engineering believes that because there is no agreed upon plan, discovery is stayed until the Court approves a discovery plan. The reason for this rule is to allow the Court to control discovery, make discovery cost effective for both sides, and to eliminate disputes such as this.

     Thank you for your time and consideration of this matter.

Sincerely yours,

Alexander Bannon

Robert L. Leslie, SBN 61872
Alexander Bannon, SBN 109249
McInerney & Dillon, P.C.
1999 Harrison Street, Suite 1700
Oakland, California 94612-4700
Telephone: 510-465-7100
Facsimile: 510-465-8556
E-mail: rll@mcinerney-dillon.com

Attorneys for Plaintiff
Mitchell Engineering

Dennis J. Herrera, SBN 139669
City Attorney
George K. Wong, SBN 75228
Louise S. Simpson, SBN 115253
David S. Norman, SBN 148556
Ronald P. Flynn, SBN 184186
Kathleen Morris, SBN 196672
Deputy City Attorneys
Fox Plaza, 1390 Market Street, 4th Floor
San Francisco, California, 94102-5408
Telephone:  (415)554-3901
Facsimile:   (415)255-0733
E-Mail:     Ronald.Flynn@sfgov.org

Attorneys for Defendants,
City and County of San Francisco
Michael Quan and Alan Wong

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL ENGINEERING, a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a political subdivision of the State of California; ANTHONY IRONS, in his individual capacity and, alternatively, in his official capacity as | Case No.: Civil No. CV 08 4022 - SI<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br><br><br><br>DATE:  February 27, 2009<br>TIME:  2:00 p.m.<br>PLACE: Courtroom 10<br>BEFORE: The Hon. Susan Illston |

**EXHIBIT A**

Joint Case Management Conference Statement - 1

3. **Legal Issues.**

Mitchell asserts the City and its employees violated 42 U.S.C. § 1983 by retaliating against Mitchell for petitioning for redress and its statements to the press. Mitchell also asserts state law claims for tortuous and negligent interference with contract relations against all parties.

The City has filed a motion under Rule 12, which is set for hearing on February 27th 2009. Defendants have not answered, so they have yet to assert their affirmative defenses. Without prejudice to setting those out in defendants' answer, issues related to qualified immunity, state law immunities, statute of limitations, government claims requirements, state law requirements related to mandatory cross claims, the question of *Monell* liability, and whether plaintiff may turn garden variety contracts into tort and constitutional claims are likely be at issue in this case.

4. **Facts and Law in Dispute.**

   a. **Disputed Factual Issues.**

Defendants dispute the material allegations in the complaint. It is too early in the case to determine whether the parties can dispose of factual issues in a manner that will allow for early resolution of the case.

   b. **Disputed Legal Issues.**

Defendants expect to dispute some or all of the legal issues identified by plaintiff, and to raise additional legal issues consistent with its (as yet pleaded) affirmative defenses.

5. **Narrowing of issues.**

Defendants believe that the issues can be narrowed by focusing discovery first and foremost on the actions of the (presently) two individual defendants, and the damages Mitchell sustained as a result of those actions. Defendants believe that any broader discovery relating to City-wide practices and damages caused thereby should be

postponed because those claims may well be mooted or settle after the parties have completed discovery related to the individual claims.

Plaintiff disagrees. Plaintiff believes the City's proposed plan does not narrow any issue, and instead merely delays the discovery of evidence relevant to show both individual and City culpability. The adjudication of the individuals' liability will not resolve the dispute over the City's liability. Plaintiff believes that piece meal litigation will only add time and expense and delay the resolution of this dispute.

6. **Motions:**

Defendants City, Quan and Wong filed motions to dismiss. These motions are pending and will be heard at the same time as the case management conference (February 27, 2009). The two motions are identical. No other motions are pending and plaintiff does not anticipate any further motions at this time. The defendants have asked to delete "or anticipated at this time", suggesting that they anticipate making other motions, but do not wish to disclose at this time what motions the City is anticipating it will make.

7. **Relief sought.**

**Plaintiff**

Mitchell seeks monetary damages preliminarily estimated to be $18,000,000. These damages were calculated as follows. The fair market value of Mitchell Engineering at 12/31/05 based on a multiple times earnings valuation is estimated at approximately $18 million. A current valuation at 12/31/08 based on a negative equity results in an estimated zero valuation.

**Defendant**

The Complaint's causation and damages allegations are so broad, and so vague, that Defendants cannot yet describe the bases on which they believe damages should be calculated.

8. **Discovery:**

No discovery has been undertaken to date in this action.

**Plaintiff**

Plaintiff submits the following discovery plan:

| | |
|---|---|
| Exchange of initial disclosure documents | March 31, 2009 |
| The City's production of all internal City communications and e-mails from 2003-2008 mentioning Mitchell Engineering, Mike Silva or Curt Mitchell: | March 31, 2009 |
| Written Discovery, limited to 35 Interrogatories, 35 requests For Admissions: | March - August 28, 2009 |
| Depositions: Fact Witnesses: | April 1, 2009 to August 28, 2009 |
| Depositions: Experts: | September 25, 2009 |
| Final Pre-trial Conference: | October 23, 2009 |
| Trial: | November 9, 2009 |

**Defendants**

Defendants believe that until the Court decides the Defendants' Rule 12 motion and the complaint is answered, a detailed discovery plan is premature. Defendants believe that, broadly speaking, there should be two phases of discovery in the case. First, the parties should take individualized discovery on the question of what facts support or undermine plaintiff's First Amendment and state tort allegations against the individual defendants, and what damage, if any, plaintiff sustained as a result. Second, and only if necessary, the parties should take appropriate City-wide discovery relating to the Equal Protection Clause and Monell liability, along with discovery on what damage, if any, plaintiff sustained as a result of the City's acts.

DENNIS J. HERRERA, State Bar #139669
City Attorney
GEORGE K. WONG, State Bar #75228
RONALD P. FLYNN, State Bar #184186
LOUISE S. SIMPSON, State Bar #115253
DAVID L. NORMAN, State Bar # 148556
KATHLEEN MORRIS, State Bar #196672
Deputy City Attorneys
Fox Plaza
1390 Market Street, 4th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3901
Facsimile:    (415) 255-0733
E-Mail:       ronald.flynn@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
MICHAEL QUAN AND ALAN WONG

RECEIVED

MAR 6 - 2009

McINERNEY & DILLON, P.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MITCHELL ENGINEERING, a California Corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, [a political subdivision of the State of California], ANTHONY IRONS, in his individual and official capacity, MICHAEL QUAN, in his individual and official capacity, ALAN WONG, in his individual and official capacity<br><br>  Defendants. | Case No. CV 08-4022 SI<br><br>**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF MITCHELL ENGINEERING FROM DEFENDANT CITY AND COUNTY OF SAN FRANCISCO**<br><br>Date Action Filed: 8-22-08<br>Trial Date: Not set |

**REQUESTING PARTY:**    Defendant City and County of San Francisco

**RESPONDING PARTY:**    Plaintiff Mitchell Engineering

**SET NO.:**             One

**EXHIBIT B**

RFP to Mitchell (1st Set) - USDC No. CV 08-4022 SI    n:\cxlit\li2009\090274\00540547.doc

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant City and County of San Francisco ("CCSF") requests that plaintiff Mitchell Engineering ("MEI") serve a written response to these requests and produce each and all of the items described below at the Office of the City Attorney, 1390 Market Street, Seventh Floor, San Francisco, California, 94102 within thirty days of service of this demand, plus any additional time allowed by Fed.R.Civ.P 6(e), and permit copying and inspection thereof.

## INSTRUCTIONS

A. In responding to these requests, you are required to furnish all documents available to you, or subject to your custody or control, including information in the possession of your attorneys, accountants, advisors or other persons directly or indirectly employed by, or connected with you or your attorneys, and anyone else otherwise subject to your control.

B. In responding to these requests, you must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives.

C. If these requests cannot be answered in full, answer to the extent possible, specifying the reason for your inability to answer the remainder, and state whatever information and knowledge you have regarding the unanswered portion.

D. If your response to a particular demand is a statement that you lack the ability to comply with that demand, you must affirm in your response that a diligent search and a reasonable inquiry has been made in an effort to comply with that demand. This statement shall also specify whether the inability to comply is because the particular item or category never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in your possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that document or category of documents should be identified.

E. If your response to a particular demand is an objection, you must set forth in your response the extent of, and the specific ground for, the objection. In your response, you must also identify with particularity any document responsive to the particular demand that is being withheld from production based upon a claim of privilege or other protection and state the particular privilege




or protection being invoked. To identify with particularity documents withheld from production, you should provide, for each document withheld, the following information if known or available to you: (1) date composed or date appearing on the document; (2) author; (3) number of pages; (4) number of copies made; (5) identity of all persons or entities who saw the original document or saw or received a copy of such document, including the job titles of each such person; and (6) subject matter.

F. Documents produced pursuant to these requests must be produced as they are kept in the usual course of business, or must be organized and labeled to correspond with the request to which they are responsive.

G. The terms "and" and "or" should be construed both disjunctively and conjunctively.

YOU ARE HEREBY NOTIFIED that at the commencement of trial of this case, San Francisco will ask the Court for an order precluding you from introducing evidence relating to the subject matter of this request which has not been disclosed by the response to this Request for Production. Please note that this request is continuing and that the San Francisco demands that any documents responsive to this request be produced when obtained by Mitchell Engineering.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these requests:

A. "PERSON" shall mean and include a natural person, partnership, firm or corporation or any other kind of business or legal entity, its agents or employees.

B. The words "DOCUMENT" and "DOCUMENTS" mean any tangible thing upon which any expression, communication or representation has been recorded, or graphic matters, however produced or reproduced, whether or not privileged, pertaining in any way to the subject matter of this action. This definition includes, but is not limited to, any and all originals, copies or drafts of any and all of the following: records; notes; summaries; schedules; contracts or agreements; drawings; sketches; invoices, orders or acknowledgments; diaries; reports, forecasts or appraisals; memoranda of telephone or in person conversations by or with any person, or any other memoranda; letters, telegrams, telexes, or cables prepared, drafted, received or sent; tapes, transcripts or recordings; photographs, pictures or films; computer programs or data or other graphic, symbolic, recorded or written materials of any nature whatsoever.

 

C. "YOU" or "MEI" shall refer to Mitchell Engineering, its counsel and any consultants, experts, investigators, agents or other persons acting on its behalf.

D. "CORRESPONDENCE" includes written and electronic (e-mail) communications.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1.:** All of MEI's monthly financial balance sheets from 1999 to the present.

**REQUEST NO. 2.:** All of MEI' profit and loss statements from 1999 to the present.

**REQUEST NO. 3.:** All of MEI's open job schedules from 1999 to the present.

**REQUEST NO. 4.:** All of MEI's closed job schedules from 1999 to the present.

**REQUEST NO. 5.:** All correspondence between MEI and any surety company, from 1999 to the present, relating to or referencing MEI's ability to obtain bonding.

**REQUEST NO. 6.:** All correspondence between MEI and any surety company, from 1999 to the present, relating to or referencing the terms under which MEI may obtain bonding.

**REQUEST NO. 7.:** All correspondence between MEI and any bank, from 1999 to the present, relating to or referencing MEI's ability to obtain any loan.

**REQUEST NO. 8.:** All correspondence between MEI and any bank, from 1999 to the present, relating to or referencing the terms under which MEI may obtain any loan.

**REQUEST NO. 9.:** All correspondence between MEI and any lender, from 1999 to the present, relating to or referencing MEI's ability to obtain any loan.

**REQUEST NO. 10.:** All correspondence between MEI and any lender, from 1999 to the present, relating to or referencing the terms under which MEI may obtain any loan.

**REQUEST NO. 11.:** All documents MEI provided to any surety in the process of attempting to obtain bonding between 1999 and the present.

**REQUEST NO. 12.:** All documents MEI provided to any bank in the process of attempting to secure a loan between 1999 and the present.

**REQUEST NO. 13.:** All documents MEI provided to any lender in the process of attempting to secure a loan between 1999 and the present.

**REQUEST NO. 14.:** All bonding contracts entered into by MEI from 1999 to the present.




**REQUEST NO. 15.:** All insurance contracts entered into by MEI from 1999 to the present.

**REQUEST NO. 16.:** All labor contracts entered into by MEI from 1999 to the present.

**REQUEST NO. 17.:** All materials contracts entered into by MEI from 1999 to the present.

**REQUEST NO. 18.:** All parts contracts entered into by MEI from 1999 to the present.

**REQUEST NO. 19.:** All supplies contracts entered into by MEI from 1999 to the present.

**REQUEST NO. 20.:** All equipment contracts entered into by MEI from 1999 to the present.

**REQUEST NO. 21.:** All engineering contracts entered into by MEI from 1999 to the present.

**REQUEST NO. 22.:** All design contracts entered into by MEI from 1999 to the present.

**REQUEST NO. 23.:** All purchase orders submitted by MEI for all contracts identified and/or produced in response to Requests For Production 14-22, above.

**REQUEST NO. 24.:** All purchase orders submitted to MEI for all contracts identified and/or produced in response to Requests For Production 14-22, above.

**REQUEST NO. 25.:** All checks issued by MEI for all contracts identified and/or produced in response to Requests For Production 14-22, above.

**REQUEST NO. 26.:** All checks issued to MEI for all contracts identified and/or produced in response to Requests For Production 14-22, above.

**REQUEST NO. 27.:** All accounting records maintained by MEI that record its income for all contracts identified and/or produced in response to Requests For Production 14-22, above.

**REQUEST NO. 28.:** All accounting records maintained by MEI that record its losses for all contracts identified and/or produced in response to Requests For Production 14-22, above.

**REQUEST NO. 29.:** All accounting records maintained by MEI that record its costs for all contracts identified and/or produced in response to Requests For Production 14-22, above.

**REQUEST NO. 30.:** All accounting records maintained by MEI that record its expenses for all contracts identified and/or produced in response to Requests For Production 14-22, above.

**REQUEST NO. 31.:** All project records for all contracts identified and/or produced in response to Requests For Production 14-22, above.

1 **REQUEST NO. 32.:** All bidding files for all contracts identified and/or produced in response to
2 Requests For Production 14-22, above.
3 **REQUEST NO. 33.:** All estimating files for all contracts identified and/or produced in response to
4 Requests For Production 14-22, above.
5 **REQUEST NO. 34.:** All claims submitted to MEI related to all contracts identified and/or produced
6 in response to Requests For Production 14-22, above.
7 **REQUEST NO. 35.:** All claims submitted by MEI related to all contracts identified and/or produced
8 in response to Requests For Production 14-22, above.
9 **REQUEST NO. 36.:** All documents related to claims submitted to or by MEI related to all contracts
10 identified and/or produced in response to Requests For Production 14-22, above.
11 **REQUEST NO. 37.:** All written policies related to claims submitted to or by MEI related to all
12 contracts identified and/or produced in response to Requests For Production 14-22, above.
13 **REQUEST NO. 38.:** All written procedures related to claims submitted to or by MEI related to all
14 contracts identified and/or produced in response to Requests For Production 14-22, above.
15 **REQUEST NO. 39.:** All complaints filed in any court related to all contracts identified and/or
16 produced in response to Requests For Production 14-22, above.
17 **REQUEST NO. 40.:** All reports created by all of MEI's sureties related to all contracts identified
18 and/or produced in response to Requests For Production 14-22, above.
19 **REQUEST NO. 41.:** All audit documents created by all of MEI's sureties related to all contracts
20 identified and/or produced in response to Requests For Production 14-22, above.
21 **REQUEST NO. 42.:** All documents created by all of MEI's sureties related to all contracts identified
22 and/or produced in response to Requests For Production 14-22, above.
23 **REQUEST NO. 43.:** All documents referencing or related to all quarterly job performance meetings
24 between MEI's project managers and executive managers related to all contracts identified and/or
25 produced in response to Requests For Production 14-22, above.
26 **REQUEST NO. 44.:** All billing files related to all contracts identified and/or produced in response to
27 Requests For Production 14-22, above.
28

 
**REQUEST NO. 45.:** All payment files related to all contracts identified and/or produced in response to Requests For Production 14-22, above.

**REQUEST NO. 46.:** All budget projections related to all contracts identified and/or produced in response to Requests For Production 14-22, above.

**REQUEST NO. 47.:** All cash flow projections related to all contracts identified and/or produced in response to Requests For Production 14-22, above.

**REQUEST NO. 48.:** All notices to proceed related to all contracts identified and/or produced in response to Requests For Production 14-22, above.

**REQUEST NO. 49.:** All as-planned schedules related to all contracts identified and/or produced in response to Requests For Production 14-22, above.

**REQUEST NO. 50.:** All schedule updates related to all contracts identified and/or produced in response to Requests For Production 14-22, above.

**REQUEST NO. 51.:** All as-built schedules related to all contracts identified and/or produced in response to Requests For Production 14-22, above.

**REQUEST NO. 52.:** All schedule narratives related to all contracts identified and/or produced in response to Requests For Production 14-22, above.

**REQUEST NO. 53.:** All inspection reports related to all contracts identified and/or produced in response to Requests For Production 14-22, above.

**REQUEST NO. 54.:** All correspondence related to all contracts identified and/or produced in response to Requests For Production 14-22, above.

**REQUEST NO. 55.:** All memoranda related to all contracts identified and/or produced in response to Requests For Production 14-22, above.

**REQUEST NO. 56.:** All notes related to all contracts identified and/or produced in response to Requests For Production 14-22, above.

**REQUEST NO. 57.:** All status reports related to all contracts identified and/or produced in response to Requests For Production 14-22, above.

**REQUEST NO. 58.:** All photographs related to all contracts identified and/or produced in response to Requests For Production 14-22, above.

 

1. **REQUEST NO. 59.:** All documents referring to delays in performance related to all contracts identified and/or produced in response to Requests For Production 14-22, above.

2. **REQUEST NO. 60.:** All documents referencing any communications related to all contracts identified and/or produced in response to Requests For Production 14-22, above.

3. **REQUEST NO. 61.:** All documents included, referenced, or mentioned in MEI's initial disclosures.

Dated: March 5, 2009

         DENNIS J. HERRERA
         City Attorney
         GEORGE K. WONG
         RONALD P. FLYNN
         LOUISE S. SIMPSON
         DAVID L. NORMAN
         KATHLEEN MORRIS
         Deputy City Attorneys

By: _____
    KATHLEEN MORRIS

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
MICHAEL QUAN, AND ALAN WONG

## Alex Bannon

**From:** Alex Bannon
**Sent:** Friday, March 06, 2009 1:47 PM
**To:** 'Kathleen Morris'
**Subject:** 42 U.S.C. 1983 Action - City's untimely discovery

Dear Ms. Morris,

I received today the City's demand for documents in the Federal 1983 action. It is premature as we have not had an initial case management conference (see F.R.C.P., Rule 26(f); N.D. Local Rule 16.10; Shwartzer, Tashima, Wagstaffe, California Practice Guide, Federal Civil Procedure before Trial (TRG 2008), ¶ 11.7, p. 11-2). In addition, the City's proposed discovery plan (to limit discovery to individual defendants first), if adopted by the Court, would prohibit the discovery the City just propounded. The City also has not responded to my proposed protective order which I sent to you a couple of weeks ago. The Court has not approved of any discovery plan and has not passed on the issue of what limits and protections should be placed on discovery. That is why discovery is stayed: to allow the Court to control discovery and to avoid unnecessary motions and disputes.

Please advise that the City is withdrawing this request for documents without prejudice to reserving the same if it complies with the Court's to be issued discovery order.

Alexander Bannon
**McInerney & Dillon P.C., 1999 Harrison Street, Suite 1700, Oakland, California, (tel) 510-465-7100 ; (fax) 510-465-8556**
IMPORTANT/CONFIDENTIAL: This message is intended only for the individual or entity to which it is addressed. It contains information from McInerney & Dillon, P.C. which may be privileged, confidential and exempt from disclosure under law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, please be aware that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. We will be happy to arrange for the return of this message at no cost to you.



EXHIBIT C

3/13/2009

**Alex Bannon**

| | |
|---|---|
| **From:** | Kathleen Morris [Kathleen.Morris@sfgov.org] |
| **Sent:** | Monday, March 09, 2009 4:58 PM |
| **To:** | Alex Bannon |
| **Cc:** | Catheryn Daly |
| **Subject:** | Re: 42 U.S.C. 1983 Action - City's untimely discovery |

Hi Alex,

As I read the rules, Rule 26(d) governs the timing for discovery demands. That rule says the parties may seek discovery after they have "conferred as required by Rule 26(f)." Under Rule 26(f)(1), the parties are to "confer . . . at least 21 days before a scheduling conference is to be held." As you may remember, we "conferred" as required by Rule 26(f)(1) on February 6, 2009. That date started the clock for discovery demands. I am unaware of any rule that requires the parties to wait to propound discovery until after the court holds a pretrial conference.

As for the City's proposed discovery plan, we have asked the Court to limit plaintiff's initial discovery demands to the individual defendants, which is common in a section 1983 case involving Monell allegations. We have not asked the Court to limit the defendants' discovery demands, nor have you.
That would make no sense. Remember, we are in court because your client sued the City and its employees. Your client is in court because it wants to be. Defendants are not. It goes without saying that, having filed suit, your client must be prepared to produce all relevant documents.

As for the protective order, I will review it and get back to you this week. I will expect timely responses to our requests for production.

Sincerely, Kathleen

cc: Cathy Daly (please file)


| | | |
|---|---|---|
| "Alex Bannon" <ab@mcinerney-dillon.com><br><br>03/06/2009 01:47 PM | "Kathleen Morris" <Kathleen.Morris@sfgov.org> | To<br><br>cc<br><br>Subject<br>42 U.S.C. 1983 Action - City's untimely discovery |


**EXHIBIT D**

Dear Ms. Morris,

I received today the City's demand for documents in the Federal 1983 action. It is premature as we have not had an initial case management conference (see F.R.C.P., Rule 26(f); N.D. Local Rule 16.10; Shwartzer, Tashima, Wagstaffe, California Practice Guide, Federal Civil Procedure before Trial (TRG 2008), ¶ 11.7, p. 11-2). In addition, the City's proposed discovery plan (to limit discovery to individual defendants first), if

1

adopted by the Court, would prohibit the discovery the City just propounded. The City also has not responded to my proposed protective order which I sent to you a couple of weeks ago. The Court has not approved of any discovery plan and has not passed on the issue of what limits and protections should be placed on discovery. That is why discovery is stayed: to allow the Court to control discovery and to avoid unnecessary motions and disputes.

Please advise that the City is withdrawing this request for documents without prejudice to reserving the same if it complies with the Court's to be issued discovery order.

Alexander Bannon
McInerney & Dillon P.C., 1999 Harrison Street, Suite 1700, Oakland, California, (tel) 510-465-7100 ; (fax) 510-465-8556
IMPORTANT/CONFIDENTIAL: This message is intended only for the individual or entity to which it is addressed. .It contains information from McInerney & Dillon, P.C. which may be privileged, confidential and exempt from disclosure under law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, please be aware that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. We will be happy to arrange for the return of this message at no cost to you.



LAW OFFICES
# McINERNEY & DILLON
PROFESSIONAL CORPORATION
1999 HARRISON STREET · SUITE 1700
OAKLAND, CALIFORNIA 94612-4700

Alexander Bannon

TELEPHONE (510) 465-7100
FAX (510) 465-8556

ab@mcinerney-dillon.com

March 11, 2009

Ms. Kathleen Morris
Deputy City Attorney
City and County of San Francisco
1390 Market Street, 5th Floor
San Francisco, CA 94102-5408

Via Facsimile to (415) 255-0733
and by Regular Mail

Re: *Mitchell Engineering v. City and County of San Francisco, et al*
United States District Court, Northern District of California No. CV 08 4022-SI

Dear Ms. Morris:

This responds to your e-mail of March 9, 2009. Your belief that the parties complied with Rule 26(f) just by meeting and conferring is inaccurate. Rule 26(f) requires more than just a meeting. It requires the formulation of a discovery plan (Rule 26(f)(2)). The parties met and conferred in good faith, but the City acknowledged that a "detailed discovery plan" was "premature" because of Defendant's then pending Rule 12 motion.

Your recollection that the City "asked the Court to limit plaintiff's discovery but not defendants' discovery, also is inaccurate. Your plan proposed a limitation on both parties' discovery. As set forth in the joint statement, the City contended that "the *parties* should take individualized discovery on the question of what facts support or undermine plaintiff's First Amendment and state tort allegations against the individual defendants . . . "

To the extent the City is abandoning its prior plan and is proposing a new plan (that Mitchell's discovery is limited but the City's discovery is not), the City has not met and conferred on such a plan, so its discovery pursuant to that plan is still premature. The documents requested have been long sought after by the City in other cases and, in those other cases, the City's requests either have been permitted only subject to a protective order or denied outright by the court.

I fail to see any legitimate reason for your failure to withdraw (without prejudice) your premature request for documents which is contrary to your clients' stated discovery plan and knowingly in violation of my clients' right to financial privacy, until the Court can hold its initial case management conference, now set for May 8, 2009. This is particularly the case as the City's proposed plan proposes a discovery cut off date of August, 2010.

I again ask you to withdraw this premature discovery until after the case management conference, so we can obtain an approved discovery plan fair to both parties which should avoid disputes such as the ones presented here.

Sincerely yours,

Alexander Bannon

**EXHIBIT E**

```
***********************
***   TX REPORT     ***
***********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 1430 |
| RECIPIENT ADDRESS | 14152550733 |
| DESTINATION ID | |
| ST. TIME | 03/11 15:26 |
| TIME USE | 00'43 |
| PAGES SENT | 1 |
| RESULT | OK |

LAW OFFICES

# McINERNEY & DILLON
PROFESSIONAL CORPORATION
1999 HARRISON STREET · SUITE 1700
OAKLAND, CALIFORNIA 94612-4700

Alexander Bannon

TELEPHONE (510) 465-7100
FAX (510) 465-8556

ab@mcinerney-dillon.com

March 11, 2009

Ms. Kathleen Morris  
Deputy City Attorney  
City and County of San Francisco  
1390 Market Street, 5th Floor  
San Francisco, CA 94102-5408

Via Facsimile to (415) 255-0733  
and by Regular Mail

Re: *Mitchell Engineering v. City and County of San Francisco, et al*  
United States District Court, Northern District of California No. CV 08 4022-SI

Dear Ms. Morris:

    This responds to your e-mail of March 9, 2009. Your belief that the parties complied with Rule 26(f) just by meeting and conferring is inaccurate. Rule 26(f) requires more than just a meeting. It requires the formulation of a discovery plan (Rule 26(f)(2)). The parties met and conferred in good faith, but the City acknowledged that a "detailed discovery plan" was "premature" because of Defendant's then pending Rule 12 motion.

    Your recollection that the City "asked the Court to limit plaintiff's discovery but not defendants' discovery, also is inaccurate. Your plan proposed a limitation on both parties' discovery. As set forth in the joint statement, the City contended that "the *parties* should take individualized discovery on the question of what facts support or undermine plaintiff's First Amendment and state tort allegations against the individual defendants . . . "

    To the extent the City is abandoning its prior plan and is proposing a new plan (that Mitchell's discovery is limited but the City's discovery is not), the City has not met and conferred on such a plan, so its discovery pursuant to that plan is still premature. The documents requested have been long sought after by the City in other cases and, in those other cases, the City's requests either have been permitted only subject to a protective order or denied outright by the court.