IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL ENGINEERING, | No. C 08-04022 SI |
| Plaintiff, | **ORDER RE: PLAINTIFF'S MOTIONS TO COMPEL** |
| v. | **[Docket Nos. 52, 58]** |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | |
| Defendants. / | |

    Plaintiff has filed two motions to compel production of documents, interrogatory responses, and a Rule 30(b)(6) deponent. These matters are currently set for oral argument on February 5, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby rules as follows.

    The Court reminds the parties that in future, discovery disputes are to be submitted in accordance with the Court's standing order, which reads in relevant part, "Counsel seeking the Court's intervention in a discovery dispute shall, after full compliance with Civil L.R. 37-1, file and serve a letter brief, 5 pages or less, explaining the dispute and relief sought. Opposing counsel shall respond by letter brief, 5 pages or less, within one week. The Court will deem the matter submitted unless the Court determines that the issue requires oral argument, in which case a conference will be arranged."

///

**DISCUSSION**

**I.    Rule 30(b)(6) Deposition**

Plaintiff noticed a Rule 30(b)(6) deposition to address approximately 20 topics. The parties dispute the following topics:

<u>Topics 6 and 8:</u>  These requests seek testimony related to the City's direction to plaintiff to remove its project manager, and the City's ultimate decision to terminate plaintiff, on a project known as the Central Pump Project. Defendant objects that plaintiff is not entitled to conduct a deposition on the Central Pump Project because that project is the subject of litigation in state court, and plaintiff has already obtained deposition testimony regarding the topics now noticed. As the City acknowledges, however, the depositions conducted during state-court discovery were individual witness depositions. Plaintiff now seeks to depose a Rule 30(b)(6) designee – in other words, the person most knowledgeable about the City's actions in the Central Pump Project. Even if the general topics to be addressed at the 30(b)(6) deposition will overlap to some extent, the questions asked and the answers given might not. *See Sabre v. First Dominion Capital, LLC*, No. 01-2145, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001) ("A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity."). Therefore, the Court GRANTS plaintiff's motion to compel production of a Rule 30(b)(6) deponent on Topics 6 and 8.

<u>Topic 7:</u>  Topic 7 seeks deposition testimony regarding the City's reopening of another project, the Dewey Project, in February 2005. The City objects to this topic on the ground any claims regarding the Dewey Project are barred by the statute of limitations. Defendant's objection does not provide appropriate grounds for refusing to respond to an otherwise reasonable discovery request. At this stage in the litigation, it is premature to determine whether plaintiff's claim is indeed time-barred, and in any event the deposition may lead to relevant background evidence for other claims that are not time-barred. The Court therefore GRANTS plaintiff's request to compel production of a Rule 30(b)(6) deponent on Topic 7.

Topic 11: This topic seeks deposition testimony regarding the City's requirements for contractors who seek to "pre-qualify" for public works projects. Defendant asserts that this topic is irrelevant because plaintiff never applied to pre-qualify and therefore cannot possibly base its claims on application of the pre-qualification requirements against it. However, plaintiff's complaint alleges that the pre-qualification requirement was instituted specifically in order to prevent plaintiff from qualifying for further construction bids. Thus, information as to the implementation of the requirements is relevant to plaintiff's claims. Therefore, the Court GRANTS plaintiff's motion to compel production of a Rule 30(b)(6) deposition as to the implementation of the City's pre-qualification requirements.

Topics 10, 12, and 18: These topics concern the City's communications with the City of Hayward regarding an alleged attempt to persuade Hayward to impose liquidated damages against plaintiff, the City's alleged efforts to debar plaintiff, and the City's use of investigators to investigate claims by or against Mitchell. The City objects to producing a deponent on these topics on the ground they concern information protected by the attorney-client and attorney work product privileges. Although the Court agrees with defendant that some of the *documents* referenced in these topics would be protected, the same is not categorically true of *deposition testimony* as to the documents. *See Fin. Tech. Int'l, Inc. v. Smith*, No. 99-9351, 2000 WL 1855131, at *8 (S.D.N.Y. Dec. 19, 2000) ("The [work-product privilege] provides protection only for 'documents and tangible things' and does not bar discovery of facts a party may have discovered from documents."). Accordingly, the Court GRANTS plaintiff's motion to compel production of a Rule 30(b)(6) deponent on these topics. To the extent defendant claims the documents covered by these requests are privileged, defendant shall produce a privilege log identifying the specific documents it declines to produce on privilege grounds.

Topics 14, 16, and 17: Topics 14, 16 and 17 seek information regarding "the City's contention that Plaintiff's financial condition affected its performance" on the public works projects at issue, "the City's contention that Plaintiff's damages were due to the misconduct of third parties," and "the City's contention that Plaintiff was 'undercapitalized' and/or engaged in a 'ponzi scheme.'" The City objects to producing a deponent on these topics on the ground they call for knowledge gained from "external sources," and asserts that it will disclose expert witnesses on these topics at the appropriate time. The City's position is unpersuasive. Even if the basis for these affirmative defenses initially resulted from

3

outside sources, the City has not made any showing that a Rule 30(b)(6) designee would not be able to testify about the information the City has learned and the process by which it did so. Accordingly, plaintiff's motion to compel is GRANTED with respect to Topics 14, 16, and 17.

## II.     Document Requests and Interrogatories

Plaintiff also seeks to compel responses to Documents Requests 3, 12, 15, and 30, to compel the City to supply certain documents that it asserts were "missing" from the records it was permitted to view in person, to compel the City to amend its responses to Interrogatories 1, 4, 6-7, and 14-17,[1] and to compel discovery responses from former City employee Tony Irons.

<u>Document Request 3:</u> This request seeks electronic communications and other electronically-stored documents concerning plaintiff's financial condition, performance on construction projects, and ability or inability to obtain work from the City or other entities. The parties have engaged in extensive, rather contentious back-and-forth communications regarding these requests in an attempt to arrive at an agreed-upon procedure for disclosure. According to plaintiff, the parties agreed on a discovery procedure as early as October 2009, but the City has attempted to add additional requirements at the eleventh hour. It appears to the Court that an in-person meet-and-confer is required to resolve this issue. Accordingly, the Court directs the parties to **meet in person no later than February 12, 2010** and engage in good-faith efforts to arrive at a reasonable protocol for the exchange of electronic information. If the parties are able to reach an agreement, exchange of information shall take place **no later than February 19, 2010.**

<u>Document Request 12:</u> This request seeks documents related to the City's implementation of its program permitting contractors to "pre-qualify" for bids. As explained above, the Court agrees with plaintiff that such information is relevant to plaintiff's claims and therefore discoverable. However, it appears that the parties have not meet and conferred regarding the reasonable scope of this request. The parties are therefore directed to **meet in person no later than February 12, 2010** to agree upon the

---

[1] Plaintiff's motion also named Interrogatory 8, but plaintiff did not mention this request in its reply. Accordingly, the Court concludes that plaintiff has abandoned its request to compel a response to Interrogatory 8 and will not address the request.

4

1 scope of this request, and defendant is directed to produce documents **no later than February 19, 2010.**

2      Document Request 15:  Defendant has asserted that it has no additional documents to produce
3 in response to this request, other than "additional emails that will be produced pursuant to an e-
4 protocol."  The Court has already directed the parties to meet and confer in person to determine this e-
5 protocol.

6      Document Request 30:  This request seeks documents "relating to any actual, contemplated, or
7 requested debarment of plaintiff" by the City.  The City is ordered to produce any non-privileged
8 documents in response to this request, as well as a privilege log indicating the specific documents it
9 contends are privileged, **no later than February 19, 2010.**

10      "Missing" documents:  Plaintiff asserts that certain documents were "missing" from the files
11 made available for plaintiff's counsel's inspection at City offices.  Plaintiff explains that after counsel
12 found several files listed in a document index that appeared to be relevant to plaintiff's claims, counsel
13 attempted to pull those files but found that they were missing.  The city responds that two of the nine
14 missing documents identified by plaintiff's counsel were actually available at the records office, that
15 one document does not exist, and that it will make available to plaintiff the non-privileged portions of
16 the remainder of the documents.  Defendant is ordered to make available to plaintiff, either through in-
17 person inspection by plaintiff's counsel or production of documents by defendant, the eight files in
18 existence **no later than February 19, 2010**.  Defendant must also produce a privilege log by this date.

19      Interrogatories 1, 4, 6, and 7:  The City states in its opposition that it agreed to supplement its
20 responses to these interrogatories by January 22, 2010.  Plaintiff has not notified the Court that
21 defendant has failed to meet its obligation.  Unless and until notified of such failure, the Court will not
22 intervene in this dispute.

23      Interrogatories 14-16:  These interrogatories seek the names of individuals who made the
24 decisions to impose liquidated damages against plaintiff, deny time extensions, and withhold payments
25 on projects after plaintiff had publicly complained about the City's handling of the projects.  It appears
26 to the Court that a further meet-and-confer is required to enable the parties to iron out their dispute
27 concerning plaintiff's interrogatories and the possibility of granting the City leave to propound further
28 interrogatories.  Accordingly, the Court directs the parties to **meet in person no later than February**

5

**12, 2010** and engage in good-faith efforts to resolve their dispute. Given plaintiff's propounding of interrogatories with multiple subparts, plaintiff should be amenable to permitting the City to propound additional interrogatories if the City identifies further information that it still requires.

<u>Interrogatory 17:</u> This interrogatory asks the City to "describe with particularity" every communication with the City's investigator. The City objects on the ground that this interrogatory seeks information protected by the attorney-client and work-product privileges, in that communications with the investigator were made in the context of pending litigation with plaintiff. The Court agrees with defendant that the request, as phrased, seeks privileged material, and DENIES plaintiff's motion to compel a response to Interrogatory 17.

<u>Tony Irons:</u> Plaintiff asserts that because the City has agreed to accept service on behalf of former City employee Tony Irons, who is apparently in Mexico at this time, it is obligated to provide discovery responses from Mr. Irons in response to plaintiff's requests. The City disputes plaintiff's contention, but asserts that it "will work with Mr. Irons to provide responses to discovery requests after he has appeared in this action," if plaintiff will specifically identify the requests to which it wants Mr. Irons to respond. The Court directs the parties to meet and confer in person **no later than February 12, 2010** to resolve this issue.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel production of a Rule 30(b)(6) deponent to testify regarding Topics 6-8, 10-12, and 16-18, as well as all non-privileged documents identified in these topics, is GRANTED. Defendant shall produce a 30(b)(6) designee and the requested documents **no later than February 19, 2010**. With respect to the document requests and interrogatories, the Court has directed the parties to meet and confer in person **no later than February 12, 2010**, and has directed defendant to produce documents **by February 19, 2010.**

**IT IS SO ORDERED.**

Dated: February 2, 2010

SUSAN ILLSTON
United States District Judge

6