IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MITCHELL ENGINEERING,

        Plaintiff,

  v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

        Defendants.

No. C 08-04022 SI

**ORDER RE: MOTIONS TO COMPEL**

### I.    **Plaintiff's motion**

Plaintiff Mitchell Engineering has moved for an order compelling the City to produce emails responsive to a document request propounded in September 2009. Plaintiff seeks emails "relating to any actual, possible, or contemplated changes to the means or methods of performance by plaintiff on actual or possible projects with [the City] or anyone else." The parties apparently agreed at some point on a list of search terms the City would employ in reviewing the emails of certain specified custodians. According to plaintiff, however, the City informed plaintiff one hour before the parties' in-person meet-and-confer on February 9, 2010 that it would only produce emails containing the 41 search terms it had "unilaterally selected" from plaintiffs' list of 126 terms.

The City counters that the remaining 85 search terms are not calculated to retrieve relevant information about plaintiff or its construction projects. The City identifies a few specific terms it believes are overbroad. For example, plaintiff has asked the City to search emails using the terms "terminat*," "LD," and "liquidated damages." The City explains, however, that these search terms will produce vastly overbroad results because all of its construction contracts contain termination and liquidated damages clauses. The Court agrees with the City that these specific terms are not reasonably calculated to lead to the discovery of relevant information, and DENIES plaintiff's motion to compel

as to these specific terms.

The City further states that it ran searches using a handful of other search terms, including "Central," "Summit," "Patrick Collins," and "Xmas." The City explains that these terms recovered several documents not relevant to plaintiff's case. The City does not explain why, after it had already run these searches, it could not simply produce the documents that were relevant. The City has not provided the Court with any basis for believing the terms are so overbroad as to justify the City's failure to produce responsive emails. Moreover, the City provides no explanation at all regarding the 80 remaining terms. The Court is not in a position to decide whether terms such as "4th Street," "Lincoln," "CM Pros," and "Skywest" are irrelevant or overbroad. Because the City has failed to explain its refusal to produce terms responsive to plaintiff's requests, plaintiff's motion to compel is GRANTED as to the remaining search terms. The City is hereby ordered to produce emails responsive to plaintiff's requests no later than **March 24, 2010.**

## II.     Defendant's motion

In its opposition to plaintiff's motion to compel, the City makes a brief request for an order compelling plaintiff to produce emails responsive to the City's document request, propounded in January 2010. Neither party has explained the relevance (or lack thereof) of the City's proposed search terms. As explained above, the Court is in no position to determine the relevance of the 318 proposed terms, which include such cryptic words as "lotus," "Cemex," and "schmalz." In addition, there has been no showing that the parties have complied with their meet-and-confer obligations as to the City's request.[1] The parties are therefore ordered to meet and confer no later than **March 24, 2010** to resolve their dispute concerning the scope of the City's request.

**IT IS SO ORDERED.**

Dated: March 9, 2010

SUSAN ILLSTON
United States District Judge

---

[1] Although the parties apparently planned a meet-and-confer regarding email production obligations generally, it appears that in light of the City's pre-meeting announcement regarding its limitation on plaintiff's search terms, the actual meeting focused only on the City's production.

2