IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL ENGINEERING, | No. C 08-04022 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S REQUEST FOR A PROTECTIVE ORDER** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | |
| Defendants. / | |

Plaintiff Mitchell Engineering has filed a request for a protective order against the City's subpoena to Moss Adams, LLP, plaintiff's accountant. The City seeks discovery of documents related to plaintiff's financial condition, including: (1) all files maintained by Moss Adams for "work [it has] performed involving Mitchell Engineering and partnerships and/or joint ventures involving Mitchell Engineering"; (2) annual financial statements and reports for the years 1999 to present; (3) quarterly financial statements and reports for the years 2003 to present; and (4) letters of engagements provided to Mitchell "for services [Moss Adams] proposed to perform for both Mitchell Engineering and any and all partnerships and/or joint ventures involving Mitchell Engineering for the period 1999 to the present." *See* Ex. A to Schultz Decl.

Plaintiff seeks a protective order on the ground the City's request seeks production of documents that are subject to privacy protections. Plaintiff asserts that when privacy concerns are implicated, the party seeking discovery must demonstrate that the evidence sought is directly relevant and that there is a compelling need for the evidence, i.e., the evidence cannot be obtained through less intrusive means. Plaintiff asserts that the City has not made either of these showings, but has simply contended in general

terms that it is entitled to discovery of all documents related to plaintiff's financial condition.

The City does not contest that the documents it seeks are ordinarily subject to privacy protections and that it must show a compelling need in order to justify discovery. The City contends that it is entitled to receipt of the documents it seeks because: (1) plaintiff has waived any claim that its financial information is protected by putting its financial condition at issue in this suit; (2) the information is already protected pursuant to a stipulated protected order from disclosure outside this case; and (3) the City has shown a compelling need for the information which outweighs any privacy interest.

The Court agrees with the City that plaintiff has placed its financial condition in issue by specifically claiming that the City's actions have caused it damages in the range of $41 million to $70 million, and by offering its own method of calculating such damages. The City is entitled to discovery of documents reflecting plaintiff's financial condition during the relevant period for the purpose of conducting its own damages calculations. In addition, the City is correct that any information disclosed is already subject to a protective order preventing its use outside this litigation.

Plaintiff asserts that the City cannot demonstrate a compelling need for the information sought because it has already received production of many of the documents it seeks. Plaintiff's contention undermines its prior assertion of privacy concerns; if plaintiff previously produced "audited financial reports prepared by Moss Adams, as well as any internal annual or quarterly financial statements in [plaintiff's] possession, custody, or control," it is difficult to understand how plaintiff can now assert that privacy concerns preclude the City from obtaining discovery of the last few documents it has not yet received.[1]

Both parties specifically mention the request for documents related to plaintiff's partner, Obayashi Corporation, and their joint venture Mitchell Engineering Obayashi Corporation ("MEOC"). MEOC was the contractor for the Fourth Street Bridge Project. Plaintiff contends that documents related to the MEOC venture are "not relevant" to the present litigation. Plaintiff's contention is simply untenable. The Fourth Street Bridge Project is specifically identified in plaintiff's complaint as an

---

[1] In addition, with respect to the burden on Moss Adams, the City informs the Court that it "has clarified to Moss Adams that it does not need to produce any documents already produced to the City in any of the State cases between Mitchell and the City."

2

impetus for the public comments which gave rise to the City's allegedly retaliatory actions, and is therefore directly relevant to plaintiff's claims. In addition, the City informs the Court that plaintiff rejected the City's offer to stipulate that plaintiff's financial condition in connection with the Fourth Street Bridge Project was not relevant to this suit. *See* Ex. D to City's Oppo. The Court agrees with the City that plaintiff cannot seek to preserve its ability to introduce information concerning the MEOC venture while simultaneously denying the City discovery of information related thereto.

Plaintiff's motion for a protective order preventing Moss Adams from producing the requested documents is therefore DENIED.

**IT IS SO ORDERED.**

Dated: March 25, 2010

SUSAN ILLSTON
United States District Judge