**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MITCHELL ENGINEERING,

    Plaintiff,

  v.

CITY AND COUNTY OF SAN FRANCISCO,

    Defendant.
                                 /

No. C 08-04022 SI

**ORDER RE: DEFENDANT'S MOTION TO COMPEL PRODUCTION OF ELECTRONIC DOCUMENTS**

      The City has filed a motion to compel the production of email and other electronic documents from plaintiff. First, the City requests that the Court compel the production of emails recovered using certain specified search terms from 25 Mitchell custodians. According to Mitchell, it has already produced emails from 21 of these 25 custodians; the City's request is therefore DENIED as to those 21 custodians. With respect to the remaining four custodians, the City seeks emails related to 280 search terms which pertain to Mitchell's performance on projects other than those completed for the City. The Court agrees with the City that documents relating to Mitchell's other construction projects are relevant to the issue of Mitchell's overall financial condition and are therefore discoverable. As the Court has already explained, however, the Court is in no position to assess the meaning and relevance of the numerous and often cryptic search terms, such as "BAMS," "Capital call," "Manipon," and "Vadnais Claim." The Court is aware that the parties have already met and conferred with respect to the City's request and were unable to resolve their dispute. However, the Court is simply not in a position to make a reasoned determination as to the relevance of the requested terms, and believes a further meet and confer is required. The parties are directed to meet and confer **no later than April 30, 2010** and to make every effort to arrive at an agreed-upon list of terms that will enable the City to receive the

necessary information about Mitchell's other construction projects.

Second, the City also seeks certain other non-email electronic documents reflecting information about a number of other construction projects in which Mitchell was involved.[1] Mitchell represents that it has already produced hard copies of some of the requested documents, namely "job files" for the six projects at issue in this case. The City has not articulated why it needs electronic copies in addition to the hard copies already in its possession, and the City's motion to compel production of these documents is DENIED. As stated above, the Court agrees with the City that information regarding the projects Mitchell completed for entities other than the City is relevant and discoverable. The Court is concerned, however, about the burdensome nature of this request. Mitchell has stated that the request will require Mitchell to review and produce approximately two terabytes of data. To the extent the information the City seeks can be obtained through less burdensome means, such as through the email production discussed earlier in this order, the Court is reluctant to compel Mitchell to make the huge and burdensome production the City requests. Accordingly, the parties are also directed to meet and confer with respect to this request **no later than April 30, 2010** to agree upon a less burdensome means by which the City may obtain the information it has requested.

**IT IS SO ORDERED.**

Dated: April 13, 2010

SUSAN ILLSTON
United States District Judge

---

[1] The City identifies the projects for which it seeks information on page 4 of its letter brief: Fourth Street Bridge, Central, Clarendon, Summit, Lincoln Way, Dewey, Placerville, Delta Diablo Sanitation, Watt Ave Light Rail, Manteca, Yuba County-Narrow, Yuba County-Colgate, Marin County San Rafael, Roseville Streetscape, Section A Bridge, Third St. Light Rail, Third St. Light Rail Transit Power, South County Water Supply, Wet Weather, Contract No. 3706 (Arden), Contract No. 3641 (Bradshaw), and Emergency Water System.

2