**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MITCHELL ENGINEERING,

          Plaintiff,

  v.

CITY AND COUNTY OF SAN FRANCISCO,
et al.,

          Defendants.
_____/

No. C 08-04022 SI

**ORDER RE: PLAINTIFF'S MOTION TO
COMPEL DEPOSITION TESTIMONY
AND PRODUCTION OF DOCUMENTS**

Mitchell has filed a motion to compel deposition testimony and documents concerning (1) the City's efforts to initiate administrative "debarment" proceedings against Mitchell and (2) the City's investigations in connection with this federal suit and the six state court lawsuits brought by Mitchell. In a prior discovery order, the Court ordered the City to produce a Rule 30(b)(6) witness to testify regarding debarment issues; the City subsequently produced its designee, Finbarr Jewell, for deposition. The City also produced George Cothran, a City investigator, to testify regarding the City's contact with third parties during the investigation it conducted in connection with the seven pending lawsuits.

According to Mitchell, both Mr. Jewell and Mr. Cothran were unprepared to answer many of the questions asked by Mitchell's counsel. Additionally, Mitchell contends that the City improperly instructed the witnesses not to answer questions based on a mistaken understanding of the attorney-client and work-product privileges. Mitchell therefore seeks to compel production of a knowledgeable Rule 30(b)(6) witness and to re-depose Mr. Cothran. Mitchell also seeks production of Mr. Cothran's investigative notes.

United States District Court

For the Northern District of California

**DISCUSSION**

## I.      Rule 30(b)(6) Deponent

First, Mitchell seeks to compel the City to designate another Rule 30(b)(6) deponent on the subject of the City's attempt to "debar" Mitchell, including "who ordered it, what did it consist of, had such a proceeding been attempted before, when did it begin, when did it end, who ordered it to end, and why did it end?" Mitchell contends that Mr. Jewell was either unprepared to answer these questions or was improperly instructed not to answer these questions. Mitchell asserts that the questions should have been answered because they pertain to facts, not protected communications or work product.

Mitchell has not demonstrated that it attempted to meet and confer with the City before filing this request. In addition, Mitchell has not shown that Mr. Jewell was, as it claims, unprepared to answer questions on the designated topic. Mitchell emphasizes the fact that Mr. Jewell stated he was "not aware" of the City instituting any debarment proceedings. That statement is not evidence that Mr. Jewell lacked the necessary knowledge, given that the topic at hand was the City's *contemplation* of debarment. Mitchell acknowledges that the City did not actually institute debarment proceedings. Mitchell's own failure to ask the questions it now identifies in its motion during Mr. Jewell's deposition does not justify its request to be given access to an additional 30(b)(6) deponent. Mitchell's motion to compel production of an additional 30(b)(6) witness on the debarment topic is DENIED.

## II.      Mr. Cothran's Notes

Mitchell next seeks discovery of the notes Mr. Cothran created during his investigation of Mitchell in connection with the seven pending lawsuits. In the Court's view, Mr. Cothran's notes are protected by the work-product doctrine. Although Mitchell argues that the notes are discoverable because they contain facts rather than privileged mental impressions, an investigator's notes of witness interviews and other facets of a litigation-related investigation are likely to be permeated with the investigator's own impressions and possibly even attorney theories or strategy, and are therefore protected from discovery. *See Hickman v. Taylor*, 329 U.S. 495, 508 (1947) (work product privilege covers "mental impressions, conclusions, opinions or legal theories"); *Upjohn Co. v. United States*, 449 U.S. 383, 399 (1981) ("Forcing an attorney to disclose notes and memoranda of witnesses' oral

**United States District Court**
For the Northern District of California

1    statements is particularly disfavored because it tends to reveal the attorney's mental processes."). Even

2    to the extent such theories and strategy are not expressly written down in the notes, the fact that certain

3    witnesses were interviewed and then not contacted further tends to reveal strategy. *See In re MTI Tech.*

4    *Corp. Sec. Litig. II*, No. 00-0745, 2002 WL 32344347, at *3 (C.D. Cal. June 13, 2002) ("[I]f the identity

5    of interviewed witnesses is disclosed, opposing counsel can infer which witnesses counsel considers

6    important, revealing mental impressions and trial strategy. Such evaluations, impressions, and strategy

7    are at the heart of the work product rule.").

8            Mitchell cites a recent California case, *Coito v. Superior Court*, 106 Cal. Rptr. 3d 342, 351 (Cal.

9    Ct. App. 2010), for the proposition that notes regarding witness interviews do not constitute protected

10   work product.  However, because the work product doctrine is not an evidentiary privilege but a

11   limitation on discovery, the scope of the doctrine is "determined by federal law, even when the federal

12   court sits in diversity." *Metzler Contracting Co., LLC v. Stephens*, 642 F. Supp. 2d 1192, 1204 (D. Haw.

13   2009); *see also United States v. Nobles*, 422 U.S. 225, 246 (1975) ("[T]he 'work product' doctrine

14   [operates] solely as a limitation on pretrial discovery and not as a qualified evidentiary privilege.").

15   *Coito* is therefore not binding in the present case.  Under the applicable federal law discussed above,

16   Mitchell's motion to compel production of the notes must be DENIED.

17

18   **III.    Deposition of Mr. Cothran**

19           Finally, Mitchell seeks to re-depose Mr. Cothran in order to question him about his investigation,

20   including the person(s) who directed the investigation, the purpose of the investigation, the identities

21   of the other investigators, the identities of the witnesses interviewed by him and by other investigators,

22   and what the witnesses said.  Under applicable federal law, the specific identities of the witnesses

23   interviewed by Mr. Cothran and the other investigators are not discoverable.  *In re MTI*, 2002 WL

24   32344347, at *3; *Laxalt v. McClatchy*, 116 F.R.D. 438, 443 (D. Nev. 1987); *Commonwealth of Mass.*

25   *v. First Nat'l Supermarkets, Inc.*, 112 F.R.D. 149, 154 (D. Mass. 1986); *Bd. of Educ. of Evanston*

26   *Township High Sch. Dist. No. 202 v. Admiral Heating & Ventilating, Inc.*, 104 F.R.D. 23, 32 (N.D. Ill.

27   1984).  Similarly, testimony regarding the direction and purpose of the investigation, including how and

28   why it was initiated and then concluded, would encroach on the City's litigation strategy in connection

with this case and the numerous pending state court lawsuits.

However, the identities of the other investigators are not protected from disclosure, despite the City's vague assertion that disclosing this information would "reveal the inner workings and strategic resource decisions of the City Attorney's Office in conducting the litigation against Mitchell." The Court sees no reason, however, that Mitchell needs to re-depose Mr. Cothran in order to obtain this information. To avoid the cost and burden of a continued deposition, the City is hereby directed to provide Mitchell with a list of the persons who worked on the debarment investigation by **May 21, 2010.**

Mitchell finally seeks to re-depose Mr. Cothran regarding the facts he learned through his investigation and his interviews with various witnesses. In the Court's view, it would be unworkable for Mitchell to re-depose Mr. Cothran and ask him to list the facts he learned during his investigation. Accordingly, Mitchell's request to compel Mr. Cothran to appear for a continued deposition is DENIED. To the extent such facts may be elicited through future discovery on other specific topics, however, the Court agrees with Mitchell that the facts Mr. Cothran learned through his investigations are not protected by the work product privilege. *See Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.*, No. 01-20418, 2005 WL 1459555, at *3 (N.D. Cal. June 21, 2005) ("[T]he work product doctrine does not protect underlying factual matters that are contained in a document which is not itself discoverable.").

**CONCLUSION**

Mitchell's motion to compel is GRANTED with respect to the identities of the other investigators who worked with Mr. Cothran, and the City is ordered to produce a list of such investigators by **May 21, 2010.** Mitchell's motion is DENIED in all other respects. (Docket No. 111).

**IT IS SO ORDERED.**

Dated: May 6, 2010

SUSAN ILLSTON
United States District Judge

4