IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL ENGINEERING,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>          Defendants.       / | No. C 08-04022 SI<br><br>**ORDER RE: DEFENDANT'S MOTION TO COMPEL**<br><br>**[Docket No. 114]** |

Defendants have filed a motion to compel responses to the first set of interrogatories served by the individual defendants and the second set of interrogatories served by the City, to compel Mitchell to provide verifications for its responses, and to continue the pre-trial and trial dates by 60-90 days.

**I.    Interrogatories by Individual Defendant Irons[1]**

**Interrogatories 1, 5-7, 8-13**

Interrogatory 1, initially propounded separately by each individual defendant, asked Mitchell to identify all the retaliatory acts alleged to have been committed by each defendant. Interrogatories 5-7 asked Mitchell to identify the acts underlying Mitchell's causes of action for substantive due process, procedural due process, and equal protection violations. Interrogatories 8-13 asked Mitchell to identify the specific acts of each defendant in connection with the Dewey, 4th Street Bridge, Clarendon, Summit,

---

[1] At the time the City filed this discovery request, Mitchell named three individual City employees as defendants: Anthony Irons, Michael Quan, and Alan Wong. Mitchell has since filed a notice of voluntary dismissal with respect to defendants Quan and Wong; therefore, this order will only address the discovery requests propounded by defendant Irons.

Lincoln, and Central contracts between Mitchell and the City.

Mitchell gave identical responses to each of the three separate sets of interrogatories, without differentiating which defendant is alleged to have committed each act. *See* Ex. H to Flynn Decl. Mitchell stated in its responses that because it alleges that each defendant "engag[ed] in a conspiracy with the other named Defendants to destroy Mitchell's business," "the actions of one defendant are considered to be the actions of all defendants."

The Court agrees with the City that defendant Irons must be provided with notice of the specific acts he is alleged to have committed, especially in light of Mitchell's voluntary dismissal of defendants Quon and Wong from this case. Mitchell's conspiracy theory of liability does not relieve it of this obligation. Irons cannot adequately defend against Mitchell's claims, including the claim of the existence of a conspiracy, without individualized notice of what he is alleged to have done. The motion to compel is therefore GRANTED as to Interrogatories 1, 5-7, and 8-13. Mitchell must provide supplemental responses identifying which of the acts listed in its prior response pertain to Irons.

**Interrogatories 2-4**

Interrogatories 2-4 by each individual defendant asked Mitchell to identify each contact with the press, each contact with a public official, and "all other acts of speech or political activity" in response to which Mitchell alleges the defendants engaged in retaliation. Again apparently relying on its conspiracy theory of liability, Mitchell provided identical responses for each defendant, without specifying which contact or act of speech pertained to a particular defendant or defendants. Additionally, Mitchell listed press contacts, contacts with officials, and other speech acts within its response to Interrogatory 2, rather than separating these three categories, as requested by defendants.

Defendants' latter objection – that Mitchell listed the three categories of contacts together in a chronological chart, rather than listing each category separately – does not provide a strong basis for compelling amended responses. It is apparent from Mitchell's response which listings fall into each category. However, defendants' first objection is well taken. As stated above, Irons cannot defend against Mitchell's claims without notice of the specific contacts he is alleged to have had. The motion to compel supplemental responses to Interrogatories 2-4 is GRANTED.

2

**Interrogatories 15-16**

Interrogatories 15-16 asked Mitchell to identify each contract with a third party and non-contractual relationship with a third party with which Mitchell contends defendants wrongfully interfered. In its response, Mitchell provided a long list of contracts and relationships without distinguishing between contractual and non-contractual relationships, or specifying which defendant is alleged to have interfered with each relationship.

Mitchell's sole argument in opposition to the motion to compel is that it need not distinguish between the different types of relationships because "the potential contractual relationships were also potential economic advantages." This argument, which is presumably intended to point out that Mitchell states separate causes of action for interference with contractual relationships and interference with prospective economic advantage, actually militates in favor of requiring Mitchell to distinguish between the different types of third-party relationships so that Irons can defend against each cause of action. The motion to compel supplemental responses to these interrogatories is GRANTED. Mitchell must provide responses differentiating between contractual and non-contractual relationships and stating which relationships pertain specifically to defendant Irons.

## II.    Interrogatories by the City

Interrogatories 4-10, propounded by the City, asked Mitchell to identify all of the allegedly wrongful acts committed by the City in connection with the six contracts at issue in this case which Mitchell alleges "are the basis of this lawsuit." Mitchell responded to each of the requests by stating the following:

> The basis of the lawsuit is [the City's] (1) selective treatment of Mitchell, which treatment was intended to punish Mitchell for speaking out against the City, i.e., exercising its First Amendment rights on a matter of public concern; (2) systematic effort to deprive Mitchell of future contracts, which includes implementing policies designed to drive Mitchell out of business and by failing to provide notice and a hearing before constructively debarring Mitchell from performing future work for the City; (3) a systematic effort to contact third parties with whom Mitchell does business to convince them to take adverse action against Mitchell, including serious acts of government misconduct and abuse of power in the form of a systematic effort to procure false testimony from witnesses against Mitchell, often in exchange for agreeing to drop civil claims against them and/or allowing them to obtain contracts or other favorable treatment from the City in the future.

3

Ex. L to Flynn Decl. at 12-17. The City objects to these responses on the grounds that they do not specifically describe the alleged wrongful acts and do not distinguish among the six contracts at issue. Mitchell responds that its response is sufficient because "these interrogatories did not request that Mitchell identify the City's wrongful acts/omissions but, rather, the basis of Mitchell's lawsuit," which, in Mitchell's view, is simply "Defendants' participation in a conspiracy to violate Mitchell's constitutional rights." Mitchell's position is untenable. The interrogatories specifically asked Mitchell to state "*all purportedly wrongful acts or omissions by the City*" in connection with each of the six contracts. To provide the City with sufficient notice of Mitchell's allegations, Mitchell must specify the date and the nature of each alleged action (e.g., withholding of payment due to Mitchell) with respect to each contract. The City's motion to compel supplemental responses to Interrogatories 4-10 is GRANTED.

### III.   Motion to Continue

The City's motion to vacate the current pretrial schedule and continue all dates by 60-90 days is DENIED. However, because the City has already filed its dispositive motions pursuant to the current pretrial schedule without the benefit of the discovery responses now ordered, the City will be permitted to make reference to any new information produced in response to this order in its reply briefs and **the City's reply briefs are not due until June 11, 2010.**

### CONCLUSION

For the foregoing reasons and for good cause shown, the City's motion to compel is GRANTED in part and DENIED in part. Mitchell shall produce supplemental discovery responses in accordance with this order, as well as verifications for all responses to the extent it has not already verified its responses, **no later than June 2, 2010.**

**IT IS SO ORDERED.**

Dated: May 18, 2010

SUSAN ILLSTON
United States District Judge

4