1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    MITCHELL ENGINEERING,                    No. C 08-04022 SI

9              Plaintiff,                      **ORDER RE: DEFENDANTS' MOTION TO
                                               COMPEL**
10      v.
                                               **(Docket No. 174)**
11   CITY AND COUNTY OF SAN FRANCISCO,
     et al.,
12
               Defendant.
13   _____/

14

15          The City has filed a motion to compel Mitchell to produce to produce (1) financial documents

16   identified during the deposition of Rene Lazure, Mitchell's CEO, and (2) emails about Mitchell projects.

17   **I.      Financial Documents**

18          The City first moves to compel the production of "numerous financial documents" identified by

19   Mr. Lazure during his deposition, including quarterly financial reports, backup data, project-specific

20   reports, and profit and loss reports.  The City acknowledges that after Mr. Lazure's deposition, Mitchell

21   produced "monthly closing binders" for the time period at issue, but states that these binders "do not

22   appear" to contain some of the documents identified by Mr. Lazure, including financial reports stored

23   electronically rather than in hard copy.

24          Mitchell has explained in its letter brief, however, that it has already produced all documents in

25   its possession that were referenced during Mr. Lazure's deposition.  Mitchell has produced, in total, 106

26   boxes of paper documents, as well as its entire "Timberline" database in which it electronically stores

27   accounting data.  Mr. Lazure testified during his deposition that the Timberline database essentially

28

**United States District Court**
For the Northern District of California

contains all of Mitchell's financial information.  Mitchell's production is therefore sufficient to meet the request, and the motion to compel the production of additional financial documents is DENIED.

## II.     Email Production

The City also moves to compel production of emails pertaining to Mitchell's performance on non-City construction projects.  The Court has previously dealt with this dispute, and has found that emails relating to the non-City projects are relevant to the issue of Mitchell's financial condition.  *See* April 13, 2010 and May 4, 2010 Orders (Docket Nos. 107, 122).  In the prior orders, the Court informed the parties that it was unable to determine whether each of the proposed search terms was designed to uncover relevant information, and directed the parties to meet and confer to arrive at a reasonable list of terms.  The City proposed a new set of 188 search terms on July 9, 2010.  Mitchell then proposed that in lieu of conducting an email search for each of the 25 custodians encompassed by the request, it would provide hard copies of "job files" for the non-City projects.  The City objects to that proposal on the grounds that paper files are less searchable than electronic files and likely will not contain all relevant emails, and moves to compel production of emails using its proposed list of search terms.

The Court recognizes the City's desire to obtain the information it seeks in the most convenient format.  However, after waiting more than two months since this dispute was last raised to pursue production of emails, it is unreasonable for the City to refuse to accept production of documents that will substantially provide it with the information it seeks.  The Court has already issued a summary judgment order in this case, and trial is presently set to begin on August 30, 2010.  At this late juncture, the Court is not inclined to order Mitchell to run 188 search terms – whose relevance the Court cannot determine – through its email databases when Mitchell has proposed a less burdensome alternative that will enable it to make immediate production.  The motion to compel is DENIED as to email production and the parties are directed to proceed with Mitchell's proposed production of job files.

## III.     Additional Depositions

The City also states that in the event Mitchell plans to pursue its request to take an eleventh deposition, the City wishes to re-depose Curtis Mitchell and Michael Silva.  As Mitchell has stated that

it is not seeking any additional depositions, the Court need not address the City's request.

**IT IS SO ORDERED.**

Dated: July 27, 2010

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

3