**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MITCHELL ENGINEERING,                        No. C 08-04022 SI

              Plaintiff,                     **FINAL PRETRIAL SCHEDULING
                                             ORDER**
    v.

CITY AND COUNTY OF SAN FRANCISCO,
et al.,

              Defendant.
_____/

        On August 24, 2010, the Court held a final pretrial conference in the above captioned matter.

All parties were represented by counsel.  The following matters were resolved:


        1.      **Number of jurors and challenges**:  There shall be a jury of 8 members.  Each side shall

have up to four peremptory challenges.


        2.      **Voir dire**:  The court will conduct general voir dire, and counsel for each side shall have

up to 30 minutes total to question the panel.


        3.      **Jury instructions**:  Counsel have submitted certain joint proposed jury instructions, and

separate sets of contested instructions.  No later than **September 2, 2010**, counsel shall submit one

complete set of proposed instructions, containing both agreed upon instructions (which shall be so

noted), and contested instructions, all in the order in which they should be read to the jury.  Where

contested instructions are included, they should be annotated both with the proponent's authority for

seeking the instruction and the opponent's reason for opposition.  Where feasible, competing

instructions addressing the same point shall be included together in the single set of proposed

instructions.  The final submission shall be filed in hard copy and also submitted to the court on disk, suitable for reading by WordPerfect 10.0 (windows) on or before September 2, 2010.

4.    **Trial exhibits**:  No later than September 2, 2010, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit.  The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side.  To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court.

5.    **Timing of trial**: The trial will begin on Tuesday, September 7, 2010.  The parties estimate that the trial should take approximately between 7 and 14 days.  However, only two claims remain to be tried (§ 1983 claims for violation of procedural due process, based on failure to provide procedural safeguards prior to constructive debarment, and for violation of free speech rights, based on retaliation)  The Court has reviewed the witnesses listed (41 listed by plaintiff, 35 listed by defendants, with 13 common witnesses) and finds that there is much repetition and overlap in the proposed areas of testimony.  If such repetition is eliminated, the issues can fairly and efficiently be tried in no more than 11 days total.  Based on this estimate, each side shall have 45 minutes for opening statements; each side shall have 22 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 1 hour for closing argument.

6.    **Trial schedule**:  Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays.  The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 45 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate.  Monday, September 6, 2010 is a federal holiday.

///

United States District Court
For the Northern District of California

1    7.    **Motions in limine**:   The parties filed 23 motions in limine, as follows:

2    Plaintiff's Motions:

3         1. Motion to Exclude Expert Opinion Testimony by Non-Retained Experts – DENIED

4    without prejudice to specific objections at trial.  The City was not required under Rule 26 to provide

5    expert disclosures for these witnesses.  Moreover, under Rule 37, the testimony should not be excluded

6    because its introduction will not prejudice Mitchell.  Mitchell deposed each of the witnesses, and was

7    able to question them about the testimony they intend to offer at trial.

8         2. Motion to Exclude Testimony of Alan Johanson that the City was not "Going After"

9    Mitchell – DENIED.  Mitchell moves to exclude PUC employee Alan Johanson's testimony that the

10   City did not have an "agenda" of "going after" Mitchell on the ground such testimony is irrelevant,

11   prejudicial, unreliable, and lacks foundation.  The motion is denied given the substantial credibility

12   disputes in this case.  Mr. Johanson may testify about his own knowledge, experiences, and actions.

13   However, the denial is without prejudice to objections at trial should Mr. Johanson attempt to speculate,

14   without a factual basis, about other persons' intentions.

15        3. Motion to Exclude Testimony of Kevin Barry Regarding Mitchell's Intentions –

16   DENIED. Mitchell moves to exclude City employee Kevin Barry's testimony that he believed Mitchell

17   was unwilling to honor the terms of or timely complete its contracts. However, Mr. Barry may testify

18   as a percipient witness regarding his own observations and review of photos of the work sites, as well

19   as his conversations with other City engineers, and may provide his opinions of Mitchell's performance.

20   The denial of the motion is without prejudice to objections at trial should Mr. Barry offer speculation

21   or any opinions he is unqualified to render.

22        4. Motion to Exclude Testimony of Hugh Vassar – DENIED. Mitchell moves to exclude

23   City employee Hugh Vassar's testimony regarding his interpretation of the requirements of Mitchell's

24   contracts with the City, on the ground this is an improper subject for expert testimony.  According to

25   the City's description, however, Mr. Vassar will be testifying about his actions in evaluating Mitchell's

26   schedule submittals and time extension requests, and about his belief that he made his evaluations in

27   accordance with his contractual duties.  This is appropriate.  However, the denial is without prejudice

28   to objections at trial should Mr. Vassar offer any impermissible legal conclusions regarding

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

interpretation of the contract.

5.  <u>Motion to Exclude Testimony of Patrick Collins</u> – DENIED.  Mitchell moves to exclude the testimony of engineer Patrick Collins and for sanctions on the ground Mr. Collins failed to identify his expert opinions during his deposition.  However, Mr. Collins' failure to provide more specific explanations of his opinions was due to plaintiff's counsel's failure to ask more specific questions tied to the documents upon which Mr. Collins' opinion is based.

6.  <u>Motion to Exclude Testimony and Argument Re: Mitchell's Alleged Misrepresentations in Obtaining City Contracts</u> – DEFERRED.  Mitchell moves for an order excluding testimony and argument that Mitchell obtained its City contracts through misrepresentations regarding its compliance with the City's minority-owned business enterprise and woman-owned business enterprise ("MBE/WBE") requirements.  The City did not waive its ability to raise this issue by failing to plead fraud as an affirmative defense, as the City specifically described the alleged fraud in the context of its unclean hands defense.  Additionally, the Court agrees with the City that the issue of whether the contracts were fraudulently obtained is relevant to Mitchell's damages assertions.

The Court defers ruling on the motion, however, based on concerns regarding whether Mitchell is estopped from relying on the California Supreme Court decision striking down the MBE/WBE ordinances, *Coral Constr., Inc. v. City & County of S.F.*, --- Cal. Rptr. 3d ----, 2010 WL 2991113 (Cal. Aug. 2, 2010).  The City's cases establish that a party cannot escape a charge of fraud by claiming that the law it sought to evade by lying is unconstitutional.  However, the City does not cite any case in which the statute at issue had already been declared unconstitutional by the time the fraud charge was brought.  If the parties wish to submit supplemental briefing on this issue, they may do so by **September 2, 2010.**  If the Court receives no submissions by that date, the Court will rule based on its present understanding.

7.  <u>Motion to Exclude Expert Testimony of Wesley Nutten and Howard Silverstone</u> – DENIED.  Mitchell moves to exclude testimony by the City's damages experts based on their supposed failure to consider relevant underlying facts.  Mitchell's objections, however, go the weight of the testimony rather than its admissibility.  *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 n.14 (9th Cir. 2004).  It is up to the jury to decide how much weight to assign to the testimony.

**United States District Court**
For the Northern District of California

1    8.  <u>Motion to Exclude Nutten and Silverstone Testimony that is Cumulative and/or Not</u>

2  <u>Timely</u> – DENIED without prejudice to objections at trial.  Mitchell also moves to exclude any

3  testimony by Mr. Nutten or Mr. Silverstone that is cumulative or was not timely disclosed.  The Court

4  finds that the evidence was timely disclosed.  With respect to cumulativeness, the City has described

5  the two experts' testimony as addressing different time periods; additionally, Mr. Silverstone primarily

6  addresses causation, while Mr. Nutten addresses amount of damages.  While the motion is denied as

7  framed, the denial is without prejudice to specific cumulativeness objections at trial.

8    9.  <u>Motion to Exclude Evidence Concerning Mitchell's Failure to Seek Prequalification</u>

9  <u>or Appeal Prequalification Determination</u> – DENIED.  Mitchell moves to exclude evidence of Mitchell's

10  failure to apply for prequalification or appeal its prequalification status on the grounds such evidence

11  is irrelevant, prejudicial, confusing, and a waste of time.  The Court agrees with the City that Mitchell

12  has waived any argument that the prequalification program is illegal by expressly representing in its

13  summary judgment briefing that the legality of the program "is not the issue in this case."

14    The City argues that the Court should decide as a matter of law prior to trial "what process, if

15  any, is due under the Fourteenth Amendment's Due Process Clause."  The issues the City asks the Court

16  to decide, however, go to the heart of what the jury must decide.  The City's request is therefore denied.

17    10.  <u>Motion to Exclude Certain Evidence Re: Mitchell's Termination from the Central</u>

18  <u>Project</u> – DENIED without prejudice to objections at trial.  Mitchell moves to exclude evidence that

19  Mitchell was terminated from the Central project for any reason other than those disclosed during

20  discovery (abandonment and lack of sufficient resources to complete the project).  The additional

21  reasons now identified by the City (including "the lack of merit of Mitchell's formal requests for time

22  extensions," "the City's analysis of Mitchell's delay claims, the many chances Mitchell was given to

23  complete its work on time and Mitchell's failure to do so") are closely tied to the reasons given by Mr.

24  Irons at his deposition.  Additionally, the City is correct that the multiple termination warnings it issued

25  to Mitchell put Mitchell on notice that delay was a significant reason for the termination.

26    11.  <u>Motion to Exclude Newly-Produced Evidence</u> – DEFERRED.  Mitchell moves to

27  exclude certain evidence produced by the City on July 30 and August 6, 2010, after the close of

28  discovery, including 200 pages of documents produced on July 30 following the deposition of City

1   employee Ivy Fine, and an additional 73 pages produced on August 6. The Court's tentative view is to

2   deny the motion, as Mitchell has not identified a concrete basis for prejudice as a result of the late

3   disclosure. Mitchell may submit a supplemental brief addressing the issue of prejudice by **September**

4   **2, 2010.**

5            12. <u>Motion to Exclude Testimony From Witnesses Not Disclosed During Discovery</u> –

6   DENIED in part, DEFERRED in part. Mitchell moves to exclude testimony by the following witnesses

7   listed in the City's witness list but not previously named in discovery: Frank Librera, Mark Vonnahme,

8   Craig Smith, Robert Smith, Lee Woolsey, Mariano Hernandez, and Jodi Bente. The motion is DENIED

9   as to witnesses Librera, Vonnahme, C. Smith, and R. Smith, as Mitchell has previously deposed these

10  witnesses and is on notice of the topic of their testimony. However, the motion is DEFERRED as to

11  witnesses Woolsey, Bente, and Hernandez. Mitchell may file a supplemental brief by **September 2,**

12  **2010** in order to identify any source of prejudice if these witnesses are allowed to testify.

13

14       <u>Defendant's Motions:</u>

15           1. <u>Motion to Exclude DRB Reports and Other Evidence Relating to Fourth Street Bridge</u>

16  <u>Project</u> – DENIED in part, GRANTED in part. The City moves to exclude numerous pieces of evidence

17  related to the Fourth Street Bridge project. These are addressed in turn below.

18       (a) The motion is DEFERRED as to the DRB Report. The evidence is relevant to whether the

19  City was the cause of Mitchell's financial problems and the issue of whether Mitchell's speech about

20  the Fourth Street Bridge project was on a matter of public concern. The Report is not rendered

21  inadmissible by the parties' DRB Agreement. The Court believes the Report may fit within the hearsay

22  exception provided by FRE 803(8)(c). The parties may submit supplemental briefing on this issue by

23  **September 2, 2010.**

24       (b) The motion is GRANTED as to the evidence involving or relating to the DRB Report and

25  investigation. Mitchell has identified no hearsay exception permitting introduction of this evidence.

26       (c) The motion is GRANTED as to evidence of the issues being litigated in the state court Fourth

27  Street Bridge action.

28       (d) The motion is DENIED as to the July 31, 2006 article, as this evidence is relevant as

United States District Court
For the Northern District of California

background information.  Mitchell will be given the chance to prove at trial that the City was aware of this article.

(e) The motion is GRANTED as to correspondence between the City and Caltrans, as such correspondence is irrelevant and inadmissible as resulting from settlement discussions.

2. <u>Motion to Preclude Plaintiff from Asserting that Any Acts or Omissions Prior to Aug. 22, 2006 Were Wrongful</u> – DENIED.  Evidence of acts outside the limitations period may be relevant to provide context and a potential motive for the City's actions.  The Court will issue limiting instructions as requested to ensure that the jury is aware that liability can only attach for actions that took place within the limitations period.

3. <u>Motion to Exclude Expert Testimony of Terry Lloyd</u> – DENIED.  The City moves to exclude the testimony of Mitchell's damages expert, Terry Lloyd.  However, Mr. Lloyd's analytical assumptions and reliance on Mitchell's business plan are matters that go to the weight of his testimony, rather than its admissibility.  *See Dorn v. Burlington N. Santa Fe R.R. Co.*, 397 F.3d 1183, 1196 (9th Cir. 2005); *Hangarter*, 373 F.3d at 1017 n.14.

4. <u>Motion to Exclude References to Speech Unknown to Anyone at the PUC, Speech that was a Matter of Private Versus Public Concern, and Evidence that PUC's Conduct Prior to the Earliest Identified Speech was Wrongful</u> – DENIED.  The City moves to exclude all speech which Mitchell cannot establish was known to anyone at the PUC, evidence of speech acts that addressed matters of private concern, and evidence that the City engaged in any wrongful conduct before the earliest speech known to the PUC.  However, each of these categories of evidence goes to the main issues Mitchell will need to prove at trial, and the Court will not prevent Mitchell from proving its case by excluding the evidence preemptively.

5. <u>Motion to Exclude Lay Opinion Testimony of Curt Mitchell and Mike Silva</u> – DENIED without prejudice to objections at trial.  Mitchell seeks to introduce evidence by its co-owners regarding their submission of claims to the City and the progress of work on the Central Pump project.  Provided that Mitchell lays an appropriate foundation at trial, it appears these witnesses are qualified and have personal knowledge sufficient to testify on these topics.  The testimony will likely not be unduly prejudicial or a waste of time.

7

United States District Court
For the Northern District of California

6. <u>Motion to Exclude Expert Testimony by James Howard</u> – DENIED.  The City moves to exclude the testimony of Mitchell's other damages expert, Mr. Howard.  The Court finds that Mr. Howard's "plausibility" standard is sufficiently reliable to permit the introduction of his testimony at trial.  The remainder of the City's objections address the factual basis of Mr. Howard's testimony.  As the Court has explained above, this is an issue that goes to weight, not admissibility.  The Court also finds that Mr. Howard may testify regarding damage to Mitchell's business and public sector contracting, subject to specific objections at trial regarding Mr. Howard's knowledge of these issues.

7. <u>Motion to Exclude All "Animus" Evidence</u> – DENIED.  The City moves to exclude evidence showing that PUC officials harbored "animus" toward Mitchell on grounds of relevance and prejudice.  The motion is overbroad.  The evidence is particularly relevant in this case due to the significant credibility disputes and the importance of defendants' subjective intent in carrying out the actions at issue.  The denial is without prejudice, however, to objections at trial as to prejudice or other grounds for exclusion.

8. <u>Motion to Exclude Evidence that the City Attorney's Office Improperly Investigated Non-PUC Projects or "Traded Testimony"</u> – DENIED in part, GRANTED in part.  The motion is DENIED as to evidence of the City Attorney's investigation of Mitchell's projects with third parties (except as may be protected by the work product or attorney-client privileges), since this evidence is relevant to Mitchell's theory that the City was willing to go through extensive efforts to officially debar it, and that the City was ultimately able to abandon the official debarment process once the constructive debarment had taken effect.  The motion is GRANTED as to evidence or argument that the City dismissed subcontractor M. Hernandez Construction from the state court litigation in exchange for testimony against Mitchell.  Under FRE 403, the evidence must be excluded because it is likely to confuse the jury and waste time.

9. <u>Motion to Limit Expert Testimony by William Cheatham</u> – GRANTED.  The City moves to limit the testimony of Mitchell's surety expert, William Cheatham, to matters set forth in his expert report or described in his deposition, which include the general effect of termination for cause and the imposition of liquidated damages on a contractor's ability to obtain surety bonding.  Mitchell agrees to limit his testimony to these topics.  The parties disagree, however, on whether Mr. Cheatham

may testify specifically about termination and liquidated damages in Mitchell's situation. Mr. Cheatham may testify, as he stated in his deposition, that he has "an opinion that with what Mitchell was confronted with made it impossible for them to have an ongoing operation." *See* Cheatham Depo., Johnson Decl. Ex. 3, at 135:15-17. He may not testify, however, as to whether the termination or liquidated damages were justified in this case.

          10.  <u>Motion to Exclude Undisclosed Expert Testimony and Lay Opinion Testimony About Mitchell's 2004-2009 Business Plan, and to Exclude the Plan Itself</u> – DENIED. The City moves to exclude Mitchell's 2004-2009 business plan and any lay opinion testimony or undisclosed expert opinion testimony about the Plan. The City does not dispute that it had the Plan in its possession as of March 24, 2010 – five months before trial. Thus, any failure to disclose was harmless, and exclusion of the evidence is not required under Rule 37. Additionally, given the City's challenges to the accuracy and reliability of the Plan, it is relevant to help the jury gauge the credibility of plaintiff's expert Mr. Lloyd's testimony. Additionally, Mitchell may present lay opinion testimony from Mr. Mitchell and Mr. Silva on the topic of lost business profits. *See* Fed. R. Evid. 701, Advisory Committee Note.

          11.  <u>Motion to Exclude Evidence or Reference to the Emotional Toll of Litigation or Curt Mitchell's Family Background and History in the Construction Business</u> – DENIED in part, GRANTED in part. The motion is DENIED as to evidence of Mr. Mitchell's family background and history as a contractor. This evidence is relevant to the valuation of Mitchell's business prior to the acts giving rise to this case, and will not prejudice the City. The motion is GRANTED as to evidence of employee emotional health and morale. What little probative value this evidence has is outweighed by the risk of prejudice.

         8.  **Bifurcation**: The City has filed a supplemental pretrial statement seeking bifurcation of the case and a determination by the Court on the following issues: "(1) whether the Public Utilities Commission's implementation of a pre-qualification program can support a procedural due process claim; (2) whether the termination of Mitchell Engineering for cause under the Central contract can support a procedural due process claim; and (3) whether Tony Irons is entitled to qualified immunity as a matter of law on the procedural due process claim." The request for bifurcation and a Court trial

is DENIED.  The issues now raised by the City were addressed in the Court's summary judgment order, and are the primary issues which Mitchell will need to prove to prevail at trial.  The City essentially asks the Court to usurp the jury's function and make the same determinations that the jury will later be asked to make at trial.


**IT IS SO ORDERED.**

Dated: September 2, 2010

SUSAN ILLSTON
United States District Judge