IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL ENGINEERING,<br><br>        Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>        Defendants.<br>                                   / | No. C 08-04022 SI<br><br>**SUPPLEMENTAL FINAL PRETRIAL SCHEDULING ORDER** |

This order will address the motions in limine as to which the Court requested supplemental briefing at the August 24, 2010 pretrial conference.

**1.    Plaintiff's Motion No. 6: To Exclude Testimony and Argument re: Mitchell's Alleged Misrepresentations in Obtaining City Contracts – GRANTED**

The Court requested supplemental briefing on the question of whether the City may present evidence that Mitchell committed fraud in connection with the City's MBE/WBE requirements, which were subsequently declared unconstitutional by the California Supreme Court. Having considered the authorities submitted by the parties in their original and supplemental briefs, the Court rules as follows.

The Court agrees with Mitchell that because the alleged fraud was never raised as a justification for the City's termination of Mitchell from the Central Pump project, the evidence is not relevant to any issue before the jury. The City has, however, preserved its ability to argue fraud as a component of its unclean hands defense. Because this is an equitable defense, and the evidence needed to prove it is entirely unrelated to the evidence the parties will present in connection with Mitchell's constitutional

claims, any evidence relating to the alleged fraud will be received only by the Court. *See Granite State Ins. Co. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1027 (9th Cir. 1996) ("A litigant is not entitled to have a jury resolve a disputed affirmative defense if the defense is equitable in nature.").

**2.     Plaintiff's Motion No. 11: To Exclude Newly-Produced Evidence – GRANTED**

The Court requested supplemental briefing from Mitchell on the issue of whether it would suffer any concrete prejudice as a result of the introduction of 273 pages of documents produced after the close of discovery, following the deposition of City employee Ivy Fine. Mitchell now clarifies that these documents consist largely of letters sent to other contractors informing them that they did not pre-qualify for City projects. Mitchell asserts that the City will introduce the letters to show that Mitchell could not have pre-qualified for future City projects, regardless of the de facto debarment, for the same reasons stated in the letters to the other contractors. According to Mitchell, it will suffer prejudice if these letters are introduced because it never had the chance to interview the other contractors or to question the City's 30(b)(6) witness regarding the letters. The Court agrees. The timing of the City's production made it impossible for Mitchell to conduct any further discovery regarding the letters, and their introduction would be unduly prejudicial to Mitchell.

**3.     Plaintiff's Motion No. 12: To Exclude Testimony from Witnesses not Disclosed During Discovery – GRANTED**

The Court requested supplemental briefing from Mitchell as to whether it would suffer prejudice if the City were to put on witnesses Lee Woolsey, Jodi Bente, and Mariano Hernandez, who were not named in discovery but were placed on the City's pretrial witness list. According to Mitchell, these witnesses will testify regarding Mitchell's alleged MBE/WBE fraud. Having concluded that the City may not present evidence in connection with the alleged fraud to the jury, the Court also GRANTS Mitchell's motion to exclude the testimony of witnesses Woolsey, Bente, and Hernandez from the trial.

**4.     Defendant's Motion No. 1: To Exclude DRB Report – DENIED**

The Court requested supplemental briefing regarding whether the DRB Report is admissible

2

under FRE 803(8)(C) or any other hearsay exception. Having considered the authorities submitted by the parties, the Court finds that the DRB Report may be admitted under the residual hearsay exception provided by FRE 807. FRE 807 states: "A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence."

First, the Court finds that the DRB Report has guarantees of trustworthiness equivalent to those underlying the records of public agencies. The DRB Report's findings were issued after an extensive fact-finding and hearing process during which evidence was received from both Mitchell and the City. Contrary to the City's assertions, the fact that one DRB panel member previously sat on a DRB panel for a dispute involving Mitchell does not render the DRB's findings biased or untrustworthy. As Mitchell points out, the parties specifically agreed in their DRB Agreement that such prior appointments would not give rise to disqualification of a DRB member. *See* DRB Agreement, Johnson Decl. Ex. 2, ¶ 5.5 (Docket No. 190) ("A party's use of a DRB member for prior fee-based consulting services on other projects or for appointment to a DRB on other projects shall not alone constitute grounds for disqualification of an individual DRB member.").

Second, the DRB Report would be offered by Mitchell as evidence of the material fact that, in Mitchell's view, the City was mishandling the Fourth Street Bridge project. Third, the evidence is highly probative on this point, as it constitutes corroboration of Mitchell's assertions to the press which gave rise to the events underlying this lawsuit. Finally, the introduction of this evidence would serve the interests of justice. This case will turn largely on the respective credibility of the parties, and it will greatly aid the jury to receive relevant findings from an independent review board.

**IT IS SO ORDERED.**

Dated: September 13, 2010

SUSAN ILLSTON
United States District Judge

3