IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MITCHELL ENGINEERING,　　　　　　　　　　　　No. C 08-04022 SI

    Plaintiff,

  v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Defendant.
                                   /

**INSTRUCTIONS TO JURY**

**(DRAFT)**

**NOTE – This draft does not include any instruction concerning violation of procedural due process. That question will be addressed at the instruction conference.**

DUTY OF THE JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case. A copy of these instructions will be sent with you to the jury room when you deliberate. You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

**TWO OR MORE PARTIES**

Plaintiff has sued defendant Anthony (or Tony) Irons, the former Deputy General Manager of the San Francisco Public Utilities Commission, and has sued defendant City and County of San Francisco. You should decide the case as to each defendant separately. Unless otherwise instructed, the instructions apply to all parties.

**EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

EVIDENCE OF LIMITED PURPOSE

Some evidence was admitted for a limited purpose only.

When I instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**TYPES OF EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## WITNESS CREDIBILITY

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## JUDICIAL NOTICE

The court has decided to accept as proved the fact that the Administrative Code of the City and County of San Francisco includes as Chapter 28 an Administrative Debarment Procedure. That procedure is included as Exhibit 550 in evidence.

## EXPERTS

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**LIMITING INSTRUCTION REGARDING EVIDENCE OF ACTS OCCURRING BEFORE AUGUST 22, 2006**

You have heard evidence of acts that occurred before August 22, 2006. You may find this evidence useful as you deliberate, and you are permitted to consider the evidence to the extent that it provides background or context to the claims in this case. However, defendants may not be found liable for any acts taken prior to the date of August 22, 2006. Damages may not be based on any acts taken by defendants or losses incurred by Mitchell prior to the date of August 22, 2006.

**SECTION 1983 CLAIMS**

Plaintiff Mitchell Engineering brings its claims under the federal statute 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**SECTION 1983 CLAIM AGAINST ANTHONY IRONS—ELEMENTS AND BURDEN OF PROOF**

In order to prevail on its § 1983 claim against the defendant Anthony Irons, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. The defendant acted under color of law; and

2. The acts of the defendant deprived the plaintiff of its particular rights under the United States Constitution as explained in the instruction(s) at pages ____.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendant acted under color of law.

If you find the plaintiff has proved each of these elements, then your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

**SECTION 1983 CLAIM AGAINST THE CITY AND COUNTY OF SAN FRANCISCO BASED ON RATIFICATION—ELEMENTS AND BURDEN OF PROOF**

In order to prevail on its § 1983 claim against defendant City and County of San Francisco alleging liability based on ratification by a final policymaker, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Anthony Irons acted under color of law;

2. the acts of Anthony Irons deprived the plaintiff of its particular rights under the United States Constitution as explained in the instruction(s) at pages ____.

7

3. Susal Leal acted under color of law;

4. Susal Leal had final policymaking authority from defendant City and County of San Francisco concerning the acts of Anthony Irons; and

5. Susal Leal ratified Anthony Irons' act and the basis for it, that is, Susan Leal knew of and specifically approved of the employee's acts.

The parties have stipulated that Anthony Irons acted under color of law, and that Susan Leal acted under color of law and had final policymaking authority from defendant in regard to terminating a contract.

If you find the plaintiff has proved each of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

**PARTICULAR RIGHTS—FIRST AMENDMENT—PUBLIC CONTRACTOR SPEECH**

As previously explained, the plaintiff has the burden to prove that the acts of the defendant Anthony Irons, or of the defendant City and County of San Francisco acting through Susan Leal, deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendants deprived it of its rights under the First Amendment to the Constitution when defendants terminated his public contract after it spoke publically about municipal construction projects.

Under the First Amendment, a public contractor has a qualified right to speak on matters of public concern. In order to prove the defendant deprived the plaintiff of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. the plaintiff spoke as a citizen and not as part of its official duties as a public works contractor;

2. the speech was on a matter of public concern;

3. the defendant took an adverse action against the plaintiff; and

4. the plaintiff's speech was a substantial or motivating factor for the adverse action.

I instruct you that the plaintiff's speech was on a matter of public concern, and, therefore, the second element requires no proof.

8

An action is an adverse action if a reasonable contractor would have found the action materially adverse, which means it might have dissuaded a reasonable contractor from engaging in protected activity.

A substantial or motivating factor is a significant factor.

If you find that plaintiff has proved by a preponderance of the evidence the above elements, then you must consider whether defendants have proved by the preponderance of the evidence either of the following:

1. the defendant had an adequate justification for treating the employee differently from other members of the general public; or

2. the defendant would have taken the adverse action even absent the contractor's protected speech.

If you find that the plaintiff did prove the first four elements by a preponderance of the evidence, and you find that the defendant did not prove either of the last two elements, you must find for the plaintiff on the First Amendment Claim.

If you find that the plaintiff did not prove the first four elements by a preponderance of the evidence, you must find for the defendant on the First Amendment Claim. If you find that the defendant has proven either of the final two elements then your verdict must be for the defendant on the First Amendment Claim.

**CAUSATION**

In order to establish that the acts of defendant Anthony Irons, or the acts of defendant City and County of San Francisco acting through Susan Leal, deprived the plaintiff of its particular rights under the United States Constitution as explained in later instructions, the plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that cause the ultimate injury.

9

**DAMAGES—PROOF & MEASURE**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on any of plaintiff's claims, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. In determining the amount of damages, you should consider the following:

The nature and extent of the injuries;

The value of lost profits Mitchell proved it is reasonably certain it would have earned but for defendants' conduct. To decide the amount of damages for lost profits, you must determine the gross amount Mitchell would have received but for defendants' conduct and then subtract from that the amount of expenses, including the value of labor, materials, rents, interest, and other expenses Mitchell would have had it defendants' conduct had not occurred.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture. Further, your award should not include any amounts intended solely to punish any defendant or deter future conduct; such damages, called punitive damages, may not be considered by you at this time, but may be considered as to defendant Anthony Irons at a second phase of your deliberations, depending on your findings during this phase of your deliberations.

**DAMAGES—MITIGATION**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendants have the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

10

**MALICIOUS, OPPRESSIVE OR RECKLESS CONDUCT**

You will also be asked to determine whether plaintiff has proved, by a preponderance of the evidence, that the conduct of defendant Anthony Irons both harmed the plaintiff and was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that his actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

## DELIBERATION

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.

Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through Tracy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.