Oliver L. Holmes (SBN 57332)
Richard L. Seabolt (SBN 67469)
Damon M. Fisk (SBN 211824)
**DUANE MORRIS LLP**
One Market Plaza, Spear Tower
Suite 2200
San Francisco, CA  94105-1127
Telephone: 415.957.3000
Facsimile: 415.957.3001
Email: olhomes@duanemorris.com
　　　rlseabolt@duanemorris.com
　　　dmfisk@duanemorris.com

Former Attorneys for Plaintiff
MITCHELL ENGINEERING

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL ENGINEERING, a California corporation,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a political subdivision of the State of California; ANTHON IRONS, in his individual capacity and, alternatively, in his official capacity as Assistant General Manager of the San Francisco Public Utilities Commission; MICHAEL QUAN, in his individual capacity and, alternatively, in his official capacity as Director of Construction Management Bureau of San Francisco Public Utilities Commission; ALAN WONG, in his individual capacity and, alternatively, in his official capacity as Safety Manager of the San Francisco Public Utilities Commission; and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | Case No.: 08-cv-04022-SI<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**<br><br>Date:　March 18, 2011<br>Time:　9:00 a.m.<br>Dept:　10 |

## I. INTRODUCTION

On September 30, 2010, the jury in this case awarded Plaintiff Mitchell Engineering ("Mitchell") damages of $3,605,000 against Defendants City and County of San Francisco ("City") and Anthony Irons (together, "Defendants"). The jury's verdict was based on its unanimous finding that Defendants violated Mitchell's constitutional right to procedural due process under the Fifth and Fourteenth Amendments. Judgment was entered thereon by the Court on October 4, 2010 in favor of Mitchell and against Defendants.

42 U.S.C. § 1988 authorizes a prevailing party, other than the United States, to seek reasonable attorneys' fees as part of its costs in certain civil rights actions, including actions like this one under 42 U.S.C. § 1983. As set forth below, Mitchell is clearly the "prevailing party" in this 1983 action, based on the jury's award of approximately $3.6 million in damages to Mitchell, and the court's entry of judgment against Defendants in the amount of the jury's verdict.

As the prevailing party, Mitchell is entitled to recover its reasonable attorneys' fees in the amount of $276,895, which includes legal fees incurred by Duane Morris as counsel of record for Mitchell beginning in mid-2008. Duane Morris was first retained by Mitchell in July 2008 to assess the feasibility of a federal action against Defendants based on possible violations of Mitchell's constitutional rights. After concluding available facts supported such a claim, Duane Morris prepared and filed the initial complaint against Defendants on August 22, 2008. Duane Morris represented Mitchell in this action for the next four months until it withdrew pursuant a motion for substitution of counsel approved by the court on December 5, 2008. Thereafter, Duane Morris provided occasional legal services to Mitchell at the request of new counsel of record, McInerney & Dillon and, subsequently, Allen Matkins. Following the entry of judgment on October 4, 2010, Duane Morris was contacted by Mitchell and Allen Matkins and asked to prepare its request for attorneys' fees in this matter for submission to the court. This motion for attorneys' fees and supporting declarations and related pleadings were prepared and submitted in coordination with Allen Matkins motion for attorneys' fees. Under 42 U.S.C. § 1988, counsel for Mitchell are also entitled to recover allowable costs including reasonable fees incurred in preparing a request for an award of attorneys' fees.

As set forth below and in the attached Declarations of Oliver L. Holmes, Richard L. Seabolt, Damon M. Fisk, and Richard M. Pearl, the fees requested for Duane Morris's legal services are based on the prevailing market rates for similar work performed in the San Francisco Bay Area, and represent a reasonable number of hours incurred to represent Mitchell for the period in question. Duane Morris therefore requests an award of attorneys' fees in the amount of $276,895 for its work in this matter, which includes fees relating to the legal services required to prepare this motion.

## II. SUMMARY OF RELEVANT FACTS

Between 2000 and 2004, Mitchell bid on and was awarded a series of contracts for water supply projects sponsored by the San Francisco Public Utilities Commission ("SFPUC"). During this period, Mitchell's work on these projects was generally successful and it enjoyed a good relationship with the SFPUC and other City agencies and employees.

In January 2003, the City's Public Works Department awarded a fixed price contract for the repair and seismic upgrade of San Francisco's 4th Street Bridge to a joint venture that included Mitchell Engineering, as managing partner, and Obayashi Corporation of Japan ("MEOC"). While managing this project, Mitchell encountered numerous unanticipated difficulties that substantially increased the cost of construction and caused other damages to Mitchell and its partner Obayashi Corp. An independent review panel determined that Defendant City was aware of these difficulties prior to seeking bids for the project, but defrauded bidders including MEOC by failing to disclose its knowledge of these difficulties; providing instead incomplete and misleading plans and specification for the work. As a result, the independent review panel determined that Mitchell and Obayashi suffered many millions of dollars in damages. However, Defendant City refused to acknowledge its liability or pay any portion of the damages found by the panel.

In 2005 and 2006, media representatives sought comments from Mitchell personnel regarding the 4th Street Bridge project, and various media outlets published comments of Mitchell personnel that were generally unflattering to representatives of the City. In addition, Curt Mitchell appeared at a meeting of the SFPUC to register complaints regarding a series of delinquent or missed City payments on several SFPUC water projects.

As Mitchell became more vocal in its criticism of City contracting practices and City

officials, Defendants undertook punitive actions against Mitchell, including: failing to issue timely progress and final payments to Mitchell for properly performed work; the improper assessment and withholding of liquidated and other damages from Mitchell; urging other municipal agencies, including officials employed by the City of Hayward, to retaliate against Mitchell on unrelated projects; terminating Mitchell from various City projects; and filing multiple improper and baseless lawsuits against Mitchell. Ultimately, as the jury found, the City effectively prevented Mitchell from receiving any further contract work without following required City procedures for debarring contractors, all in violation of Mitchell's procedural due process rights. Mitchell subsequently discovered the City's improper actions had been approved and/or ratified by senior public officials.

On that basis, Mitchell filed the present action seeking damages for Defendants' deprivation of Mitchell's constitutional rights, including the right to procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution. In particular, Mitchell sought damages for the City's "de facto" or constructive debarment of Mitchell resulting from the City's efforts to preclude Mitchell from receiving further contracts with the City.

### III.  LEGAL ARGUMENT

As a result of the jury verdict awarding Mitchell damages of approximately $3.6 million dollars, and the court's entry of judgment for Mitchell based on that verdict, Mitchell is the prevailing party in this action filed under 42 USC § 1983 and should therefore receive an award of reasonable attorney's fees under 42 USC § 1988.

    A.    <u>An Award of Reasonable Attorneys' Fees to Prevailing Parties is Authorized Under Federal Civil Rights Laws, Including Section 1988</u>

An award of reasonable attorneys' fees to a prevailing party is authorized as part of the costs in actions brought under federal civil rights laws: "In any action or proceeding to enforce a provision of [42 U.S.C.] sections 1981, 1981a, 1982, 1983, 1985 and 1986 of this Title…, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs …" 42 U.S.C. section 1988(b).

A plaintiff is deemed a "prevailing party" under section 1988 if it succeeds on any significant issue in the litigation and achieves some of the benefit sought in bringing suit. See *Hensley v.*

*Eckerhart*, 461 U.S. 424, 433 (1983). A "material alteration of the legal relationship" is required to support a fee award under section 1988. See *Buckhannon Board and Care Home, Inc. v. West Virginia Dept. of Health & Human Resources* 532 U.S. 598, 604 (2001). A plaintiff "prevails" when actual relief on the merits of a claim "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby,* 506 U.S. 103, 111-112 (1992); see also *Gerling Global Reinsurance Corp. v. Garamendi*, 400 F.3d 803, 806 (9th Cir. 2005) . The relief may be in the form of a judgment on the merits or a settlement enforced through a consent decree. *Buckhannon*, 532 U.S. at 604. A plaintiff obtaining a favorable jury verdict based on 42 U.S.C. section 1983 qualifies as a prevailing party. *Farrar, 506* U.S. at 112 (holding that even a plaintiff who wins only nominal damages is a prevailing party under §1988).

B. Mitchell is the Prevailing Party in this Dispute

It is beyond any reasonable dispute that Mitchell is the "prevailing party" in this action, as both the jury's verdict and the Court's entry of judgment "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar*, 506 U.S. at 111-112. A "material alteration of the legal relationship" between the parties occurs when plaintiff becomes entitled to enforce a judgment or consent decree against defendant. *Buckhannon,* 532 U.S. at 604. In this matter, the jury found that Mitchell proved damages at trial in the amount of $3,605,000. Under the terms of the judgment, Defendants are responsible for paying money damages to Mitchell, which was the principal benefit sought by Mitchell in bringing suit against Defendants. See *Hensley*, 461 U.S. at 433.

Thus, Mitchell is clearly the prevailing party in this action, and therefore entitle to seek its attorneys' fees under 42 U.S.C. § 1988.

C. The Court Should Exercise its Discretion Under 42 U.S.C. § 1988 and Award Mitchell its Attorneys' Fees Incurred in this Action

Although the Court has discretion regarding an award of attorneys' fees under § 1988, absent special circumstances that would render the award unjust, a prevailing plaintiff should be awarded section 1988 fees *as a matter of course*. See *Newman v. Piggie Park Enterprises, Inc*. 390 U.S. 400, 401-402 (1968); See also *American Broadcasting Companies, Inc. v. Miller* 550 F.3d 786, 787 (9th

Cir. 2008). Typically, courts focus on two factors in considering the "special circumstances" exception: (1) whether allowing fees advances the purposes of §1988; and (2) whether the equities favor or disfavor denial of fees. *Thomas v. City of Tacoma* 410 F.3d 644, 648 (9th Cir. 2005). A defendant is required to "make an 'extremely strong showing' of special circumstances to avoid paying … fees" to a prevailing plaintiff. *Pruett v. Harris County Bail Bond Bd.*, 499 F.3d 403, 417 (5th Cir. 2007).

Under the first factor, Congress balanced the concern of avoiding a windfall to plaintiffs' counsel against the need to attract competent counsel to prosecute civil rights cases. *City of Riverside v. Rivera*, 477 U.S. 561, 579-80 (plurality opinion). Thus, § 1988 is a product of balancing those concerns by only permitting reasonable fees. See 42 U.S.C. § 1988(b). To require Defendants to pay reasonable attorneys' fees relevant to the prosecution of the successful claim does not create a windfall, but fulfills the Congressional purpose of § 1988(b).

The fact that Mitchell failed to recover on all theories of liability asserted in its initial Complaint is not a bar to recovery of attorneys' fees. This concern was addressed by the Supreme Court in *Hensley*. In *Hensley*, the Supreme Court recognized that "the most critical factor [in determining the amount of attorney's fees to award] is the degree of success obtained." *Hensley,* 461 U.S. at 436. The Supreme Court explained:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount that is reasonable in relation to the results obtained. *Id.* at 440.

To determine whether the claims are related, the Supreme Court in *Hensley* provided that the inquiry should focus on whether the claims on which a plaintiff did not prevail "involve a common core of facts or are based on related legal theories." *Id*. By way of comparison, unrelated claims are those that are "entirely distinct and separate from the claims on which the plaintiff prevailed." *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003) (internal quotation omitted). To the extent the claims are related, Plaintiff should recover reasonable fees for prosecuting those claims. However, a

determination that certain claims are not related does not automatically bar an award of attorney's fees associated with those unrelated claims. "…Work performed in pursuit of the unrelated claims may be inseparable from that performed in furtherance of the related or successful claims." *Thomas v. City of Tacoma* 410 F.3d 644, 649.

The bulk of discretion retained by the Court lies in the second inquiry regarding the significance of the relief obtained. *Webb v. Sloan*, 330 F.3d 1158, 1169 ("If it is impossible to isolate the truly unrelated claims from those related claims, the district court should instead reflect that limited success in [the] second step.") (citation omitted). At the heart of this inquiry is whether Plaintiff's "accomplishments in this case justify the fee amount requested." *Thorne v. City of El Segundo*, 802 F.2d 1131, 1142 (9th Cir. 1986) (citation omitted). "There is no precise rule or formula for making these determinations." *Hensley,* 461 U.S. at 436.

As provided below, an award of Mitchell's reasonable attorneys' fees is fair and justified as it recovered a significant judgment in the amount of approximately $3.6 million against Defendants, based on a series of related state and Constitutionally-based claims that involved a common core of facts and related legal theories – specifically, Defendants' concerted acts to constructively debar Mitchell without due process.

D. <u>The Attorney's Fees Sought Herein Are Reasonable Under the Lodestar Method of Calculating Legal Fees</u>

"Once the decision has been made to award section 1988 fees, the Court must determine whether the fee is 'reasonable.'" *Hensley*, 461 U.S. at 433. A "reasonable fee" is one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case …, but that does not produce windfalls to attorneys …" *Perdue v. Kenny A. ex rel. Winn*, ___ US at ___, 130 S. Ct. 1662 (2010). In determining a "reasonable" fee under §1988, the court must first determine the "lodestar" amount and then reduce or augment that amount by considering other case specific factors. *Sorenson v. Mink*, 239 F.3d 1140, 1149, fn. 4 (9th Cir. 2001).

An analysis of the components of the "lodestar" amount (the total number of hours incurred by counsel and the market rate charged for such work) requested in this application shows that the attorneys' fees sought are reasonable and not excessive.

1. **The Total Number of Hours Included in this Application is Reasonable**

As to the first component of the lodestar figure, the total number of hours requested for Duane Morris's representation of Mitchell is reasonable and appropriate in light of the complexity of the underlying facts, and the novelty of the constitutional issues presented in Mitchell's original complaint. "The number of hours reasonably expended on a matter includes time spent drafting and revising pleadings, meeting with clients, preparing the case for trial and handling an appeal (if any)." *Hensley*, 461 U.S. at 430. As set forth above and in the attached declarations of Oliver L. Holmes, Richard L. Seabolt, and Damon M. Fisk, Duane Morris prepared and filed the original complaint in this action. In this instance, significant fees were incurred for fact development work and legal analysis prior to drafting the Complaint. An award of attorneys' fees may include time spent in proceedings before the preparation of the complaint when "the pre-preparation time was both useful and of a type ordinarily necessary to advance the…litigation to the stage it reached." *See e.g., Bogan v. City of Boston*, 489 F.3d 417, 427 (1st Cir. 2007).

As originally drafted and filed, the Complaint prepared by Duane Morris included causes of action for violations of § 1983 on the basis of violations of Mitchell's right to substantive and procedural due process under the Fifth and Fourteenth Amendments, and right to free speech under the First Amendment; and state law claims for interference with contract and conspiracy. Of these original claims, only the state law claims and claim for substantive due process were dismissed prior to completion of the trial and did not go to the jury. While time spent on unsuccessful or unrelated claims may be excluded from the lodestar calculation, attorney fees may be awarded, however, for time reasonably spent on unsuccessful arguments in support of related successful claims. *Cabrales v. City of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991). "Claims are related if they involve a common core of facts or are based on related legal theories." *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1499 (9th Cir. 1995). In this instance, all the claims asserted in the original complaint filed by Duane Morris on Mitchell's behalf arose from a common core of facts and were clearly based on related legal theories. Therefore, no time should be excluded from this fee petition on the ground that it was time spent on an unsuccessful or unrelated claim.

In addition, attorney fee awards generally include the time spent preparing and litigating a

motion to obtain a fee award. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 981 (9th Cir. 2008).

As established in the Declarations of Oliver L. Holmes, Richard L. Seabolt, and Damon Fisk in Support of this Motion, Mitchell's former attorneys at Duane Morris LLP billed for legal services including, among other things, meeting with Mitchell representatives, reviewing the legal basis for claims by Mitchell based on violations of its constitutional rights under the Fifth and Fourteenth Amendments against Defendants due to their improper conduct towards Mitchell, drafting versions of the original complaint filed in this matter, and taking all of the actions required during the first six months this action was pending, including the filing of court submissions.

In particular, Duane Morris performed the following services in this matter, among others:

 a. Initial contacts with Mitchell representatives to discuss the nature of the dispute with Defendants regarding the 4th Street Bridge and various SFPUC contracts with Defendants;

 b. Extensive review of the parties' contractually-required Dispute Review Board ("DRB") findings and conclusions regarding the 4th Street Bridge dispute, which found that Defendants had deliberately misled Mitchell regarding the work to be performed on the project and caused Mitchell and its joint venture partner significant damages;

 c. Review of extensive deposition testimony given by Defendants and their representatives in related state court actions, also indicating that Defendants intended to retaliate against Mitchell for public statements made by Mitchell representatives about Defendants' contract practices;

 d. Review of Defendant's apparent debarment of Mitchell without regard to the mandatory provisions of Defendants' debarment ordinance;

 e. Review and analysis of numerous 9th Circuit and other federal decisions regarding section 1983 actions against local agencies;

 f. Review and analysis of a large volume of related client document and other information in order to evaluate the odds of success of a section 1983 claim in this Court;

g. A series of extensive meetings with Mitchell representatives to discuss the facts of this dispute and to better understand the testimony given by Defendants' employees in several related state court matters;

h. The extensive preparation and filing of the initial complaint in this matter;

i. The continued research regarding additional and amended claims against the City, and

j. Related case management, including preparation of declination to proceed before Magistrate Judge and other issues relating to reassignment of this matter, service of process, initial disclosures under Federal Rules of Civil Procedure, and other matters, including continuing discussion of ongoing settlement efforts between Mitchell and the City, and eventual substitution of counsel for Mitchell. (See attached Declarations of Oliver L. Holmes, Richard L. Seabolt, and Damon M. Fisk, Esq. in Support of Mitchell's Motion for Attorney's Fees.)

In addition, several Duane Morris attorneys also worked on special, limited scope assignments, including attorneys Colin Pearce and Tamara McNulty, who provided expertise regarding government claims and surety/bond-related issues, respectively. Finally, Duane Morris attorneys billed for the preparation of the current motion for recovery of Mitchell's attorneys' fees under §1988.

As established herein and in the Declaration of Oliver L. Holmes, file in support of this Motion, the total number of hours worked by these attorneys in this matter (512.6 hours) was reasonable and necessary in order to properly represent Mitchell in this complex litigation.

2. <u>The Hourly Rate for the Subject Legal Services is Reasonable</u>

When fixing a reasonable rate for an attorney's services, courts customarily consider the following: (1) the prevailing rate charged by attorney's of similar skill and experience for comparable legal services in the community in which the services are rendered; (2) the nature of the work performed; and (3) the attorney's customary fee. *Kerr v. Screen Extras Guild, Inc.* 526 F.2d 67, 69 (9th Cir. 1975). Most courts look to the rates in effect at the time of the prevailing party's fee application rather than rates charged when the litigation began. *Gates v. Deukmejian,* 987 F.2d 1392 (9th Cir. 1992); *see also Bell v. Clackamas County*, 341 F.3d 858, 868-869 (9th Cir 2003) (reversible

error to apply market rates in effect two years before attorney's work was performed.) Where several different attorneys file a joint petition for fees, the court may find it necessary to use different rates for the different attorneys. *Sorenson*, 239 F.3d at 1149.

As set forth in the attached Declaration of Oliver L. Holmes, the hourly rates charged by Duane Morris attorneys assigned to this matter ranged between $400 per hour and $680 per hour. As set forth in detail in the Declaration of Richard M. Pearl, these rates are reasonable and consistent with market rates charged by other San Francisco attorneys with similar experience and expertise. These rates are not only comparable with the hourly rates charged by other California-based law firms with similarly-sized San Francisco offices, these rates also account reflect the complex and novel character of the work required to advise Mitchell regarding its potential claims against the City and prepare and file the original complaint in this matter.

## IV. CONCLUSION

Mitchell respectfully requests that the Court grant its Motion for Attorneys' Fees in the amount of $276,895, which includes the fees to prepare this motion and supporting materials, pursuant to section 1988, for the reasons set forth herein.

Dated: February 11, 2011  **DUANE MORRIS LLP**

By: /s/ Oliver L. Holmes
Oliver L. Holmes
Former Attorneys for Plaintiff
MITCHELL ENGINEERING